(Surrogate's Court, Madison County. February, 1907.)

WILLS—CONSTRUCTION.

> Testator gave his wife the entire use of all his property during her life, to draw on the principal, if necessary, for support, and died leaving a sister, two nephews and a niece, to whom he gave legacies. *Held*, that the wife had the entire use of the property for her support during life, with a right to draw on the principal if the income was insufficient.

In the matter of the estate of Cyrus D. Hibbard. Proceedings for an interlocutory accounting. Decree rendered.

Carey D. Davie, for executor.

Charles R. Coville, special guardian.

KILEY, S. This is a proceeding for an intermediate accounting of the executor and necessitates a construction of the will of decedent. There is no contest over the executor's account; and the only question requiring construction here, outside of the formal settlement of the account, is the construction to be placed upon the provisions contained in the will.

Cyrus D. Hibbard died at the town of Hamilton, Madison county, N. Y., on the 24th day of February, 1904. He made his last will and testament, which is the one in question here, February 23, 1904, the day before he died. The provisions of the will which are up for construction in this proceeding are as follows:

"First. I direct that all my just debts and funeral expenses be paid.

"Second. I will & bequeath to my wife Louisa M. Hibbard the entire use of my Real and Personal property of whatever name & nature during her life, to draw on principal for her necessary support during life. Also my nephew Merton F. Hibbard 1000. (One thousand).

"To my sister Roxie Burdick $1000. One thousand dollars. Also my nephew Arthur Brown the use his lifetime of $500. and then to his son Paul Brown. Also to my niece *Ann* Eliza Palmiter 1000. One thousand. $200. in Savings Bank at Utica for care of Cemetery lot at Hubbardsville Cemetery.

"Lastly, I hereby appoint M. M. Stevens *Ex.* and Administrator if any Bal. to be divided according to sums named in Will. Exec. of this, my last Will and Testament; hereby revoking all former Wills by me made."

The opposing parties are agreed upon the construction to be placed upon all the provisions of the will excepting the provision made for

testator's widow, Louisa M. Hibbard. The fair construction to be placed upon the provisions of the will, other than that provision made for the widow, is that the payment of the general legacies be postponed until the death of the widow. The testator omitted the word "dollars" after "one thousand" in two or three places in his will where he intended to use those words. The court has power to supply that omission, and in construction of the will said words are supplied. The executor will retain and invest the $200 mentioned in the will for the care of the cemetery lot in the Hubbardsville cemetery. The executor under the will shall retain possession and control of the corpus of the estate.

This brings us to a construction of the will for making provision for the widow, Louisa M. Hibbard. The position taken by the attorney for the executor is that the will gives her, as an absolute gift for her own and separate use and for any purpose she may think best to use it, the entire income of the estate, and that she is to have her support out of the principal or corpus of the estate. The special guardian contends that the intention of the testator was to give to the widow the income and profit of the estate for her support and maintenance, and, if that should be insufficient to properly support and maintain her, that the principal be drawn upon for that purpose. Upon this question both sides have ably maintained their position in able briefs submitted to me. It is unfortunate that the will in this case, as frequently happens, is crudely and inartistically drawn. The necessity of a contest like this one usually arises because the testator failed to express in clear and connected language his intention, and we, in order to do our duty by the deceased and by the living, are compelled to gather their intention from the whole instrument itself. Taggart v. Murray, 53 N. Y. 233. The absolute criterion of construction in all cases is the intention of the testator. Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712. The testator left no descendant. He and his wife had no children. His estate consisted entirely of personal property, and it is to be presumed that his first purpose in making this will was to provide for the proper care and maintenance of his wife during her lifetime. The will discloses that he had a sister living, Roxie Burdick, and that nephews and nieces, evidently of a deceased brother and sisters, also were living at the time he made his will, and that they survived him. He also gives to a grandnephew a legacy of $500, with the use of the $500 to the father, his nephew, Arthur Brown, during his lifetime. These provisions indicated that, while the predominant idea in his mind was to provide for his widow, he did not forget those of his own flesh and blood, and that they were objects, to some extent at least, of his solicitation and bounty. The construction of the will as contended for by the executor, or the construction of the will as contended for by the special guardian, would not do violence to the uppermost feeling in the mind of the testator, namely, that his wife should be provided for.

The only question here is whether the construction of the will should increase the provision from that of support and maintenance to support and maintenance and an additional gift besides. If it was the purpose of the testator to create an independent estate in his

widow, and accumulate for her property that she could dispose of by her will, would he have expressed his intention in the language found in this will? Or would he have created that estate in simple language that alone would be necessary to give her an independent estate of her own? It seems to me that his effort to have his wife supported out of the income of his estate, and, feeling that that might not be sufficient, then providing she draw upon the principal, and his effort to put that in language so as to make that intention effectual, as the language was evidently his own, creates the ambiguity that we find here. From the will I cannot escape the irresistible conclusion that the testator intended, first, that his wife should be properly supported and maintained from his estate, even to the extent of using all of it, if it were necessary to properly support and maintain her in her station in life; but, that having been accomplished, the other objects of his bounty, namely, his own blood relatives, were to have the enjoyment of any balance that remained, including both the designated legacies and the residuum of the estate. It seems clear to me that the testator intended that his wife should have the entire use of his real and personal property for her support and maintenance during her life, and, if that was insufficient for her necessary support, to draw upon the principal. If that was not his purpose, it was entirely superfluous to add the words "during her life" to the provision that she have the use of the real and personal property as an independent and separate legacy, from the other provision that she be supported from the corpus of the estate.

The provision of the will as to the wife is construed so that she will have the use of testator's estate for her maintenance and support during her natural life, and, if the use and income is insufficient to properly support and maintain her in her station in life, that so much of the principal as may be necessary may be used for that purpose. The executor to be allowed his commissions, expenses, and disbursements up to this time, and the attorney for the executor to be allowed and paid from the estate his necessary expenses and disbursements, and $25 allowed by statute for making of the account and $10 per day for each day spent in the preparation, trial, argument, and contest in these proceedings, and in preparing the decree. The special guardian is allowed $50, payable out of the estate. Let a decree be prepared accordingly.

Decreed accordingly.