(81 Misc. Rep. 173.)

### SCHOEN v. SECURITY BANK OF NEW YORK.

(Supreme Court, Appellate Term, First Department.　June 18, 1913.)

1. APPEAL AND ERROR (§ 173*)—REVIEW—QUESTIONS NOT RAISED BELOW.

The point that a holder of a postdated check, which shows on its face that it has been certified before its date, is put on inquiry as to power of the cashier to make such certification, and that, as matter of law, ordinarily a cashier is without such authority, not being raised below, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

2. BANKS AND BANKING (§ 145*)—PAYMENT OF CHECKS—STOP ORDER—CERTIFIED CHECKS.

If the question whether the drawer of a check notified the bank not to pay it is material on the question of its liability for having paid it, where the check had been certified, it is enough that it is admitted that notification was before the payment, without any showing as to the particular hour.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 419–433; Dec. Dig. § 145.*]

3. BANKS AND BANKING (§ 138*)—UNAUTHORIZED PAYMENT OF CHECKS—DAMAGES.

That a bank paid out a depositor's money on his check without authority is a sufficient showing of damages, without any showing that he was not indebted to the payee.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 398–405; Dec. Dig. § 138.*]

4. ACCOUNT STATED (§ 6*)—SIGNING ACCOUNT—RECEIPT OF VOUCHERS.

As against a depositor, claiming that a bank improperly paid a check given by him, and paid, in November, it cannot base a claim of account stated on his signature to an account of the bank, by which he merely certified that a certain number of October and November vouchers had been received by him.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 30–39; Dec. Dig. § 6.*]

5 BANKS AND BANKING (§ 154*)—CERTIFYING POSTDATED CHECKS — NEGLIGENCE.

Where the card signed by a depositor in opening an account with a bank provided that, while it will exercise ordinary care in relation to postdated checks or stop orders, it shall not be held responsible by him if such checks be paid, it having certified his postdated check before its date, and paid it after receipt of his stop order, he is entitled to have submitted the issue whether it exercised "ordinary care" in certifying it, instead of one whether it was guilty of "gross negligence" in doing so.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal·from Municipal Court, Borough of Manhattan, Fourth District.

Action by Ferdinand Schoen against the Security Bank of New York. From a judgment on a verdict for defendant, plaintiff appeals. Reversed, and new. trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Julius J. Popper, of New York City, for appellant.
Herman B. Goodstein, of New York City, for respondent.

BIJUR, J. The plaintiff drew a check upon his account with defendant to the order of one Moe Kraus for the sum of $250, dated November 26, 1912. Defendant certified the check on November 25th. On the morning of the 26th—at 10 o'clock, according to plaintiff; at 11:15, according to defendant; *but at all events, before the check was paid*—plaintiff notified the defendant that he stopped payment of the check. Subsequently the check was paid by the bank. After having demanded the amount from the bank, which refused to pay it, plaintiff brings this action.

There is no substantial dispute as to the facts, except as to the hour when plaintiff sought to stop the check, as above indicated. The answer of the bank is, in substance, that the payment of the check was properly made, and that, therefore, plaintiff had no balance. The learned trial court submitted to the jury the question whether the plaintiff had notified the bank at 10 o'clock or at 11:15. He also charged them that there was no evidence of damage to the plaintiff, whereby, apparently, he referred to the fact that it had been shown that plaintiff gave this check to Kraus for a consignment of turkeys, and postdated it so that he might have an opportunity to examine them. The seller testified that they were actually examined at the time the check was given, and that plaintiff had admitted that they were perfect, and that he accepted them as such. Finally, the learned judge left to the jury the question whether certifying the check the day before its date was "gross negligence" or not.

On this appeal, the respondent claims that there was an account stated; but that question was not submitted to the jury at all. While one of plaintiff's requests to charge was not justified, he seems to have noted sufficient exceptions to the main charge.

[1] The briefs on both sides cite the case of Clarke Nat. Bank v. Bank of Albion, 52 Barb. 593, which decides that a holder of a postdated check, which shows on its face that it has been certified before its date, is put upon inquiry as to power of the cashier to make such certification, and that, as matter of law, ordinarily a cashier is without authority to make the same. Had the plaintiff moved for the direction of a verdict below on the authority of this case, the motion must have been granted; but, as the minutes show that no such motion was made, we are compelled to determine this appeal upon the record presented.

[2] I shall therefore assume, for the purposes of this appeal, that when the bank certified the check a. day before it was due it became

a debtor thereon and was bound to pay it. First Nat. Bank v. Leach, 52 N. Y. 350, 11 Am. Rep. 708. See, also, Crawford v. West City Bank, 100 N. Y. 50, 2 N. E. 881, 53 Am. Rep. 152. Whether, therefore, the plaintiff, as drawer, notified the bank to stop it, seems to be entirely immaterial; but, if that question were material, the fact that plaintiff admittedly notified the bank before it actually paid the check disposes of that issue completely.

[3] As to the damages to the plaintiff, it seems to me that the payment of $250 of his money without authority to a third person is concrete damage sufficient to sustain a judgment. The testimony as to the transaction in turkeys is totally irrelevant to the issues involved in the case.

[4] While, as noted above, the question of an account stated was not submitted to the jury, it should not be overlooked that such a claim cannot properly be based on the signature of the plaintiff to an account card of the defendant (Defendant's Exhibit 5), by which the plaintiff merely certifies that 17 October and 36 November vouchers have been received by him. See a somewhat similar case in Godin v. Bank, 6 Duer, 82.

[5] The only question actually involved on the present record, therefore, is whether the bank exercised "ordinary care" in certifying this check. That question arises because of Defendant's Exhibit 4, a card, reading:

"Authorized signature of Ferdinand Schoen for Nineteenth Ward Bank, New York."

Then follow four lines of small type reading as follows:

"The undersigned requests the Nineteenth Ward Bank to open an account with the undersigned in form as here designated, and agrees that, in case the account in any month shall average below $100, the bank may that month charge undersigned's account with $2, and that, while the bank will exercise ordinary care in relation to postdated checks or stop orders, it shall not be held responsible by the undersigned if such checks be paid."

Below that appear in large type the words "Sign here," succeeded by the authorized signature of the depositor with his address, business, and date. I am inclined to believe that, prima facie at least, the fact that the depositor signed this card is evidence that he read the inscription preceding his signature. It would, therefore, on that assumption, have been the right of the defendant to have submitted to the jury the question whether the certification, under the circumstances, on one day, of a check dated the following day, was the exercise of ordinary care.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.