Matter of the Judicial Settlement of the Account of Proceedings of JOHN V. IRWIN, as Executor of and Trustee under the Last Will and Testament of LAURA W. R. RONALDSON, Deceased.

(Surrogate's Court, New York County, June, 1917.)

Surrogate's Court — jurisdiction of — executors and administrators — accounting — wills — title.

The jurisdiction of the surrogate, upon the judicial settlement of the accounts of an executor, to construe the will, does not include the power to construe any other will though on file in the Surrogate's Court, a construction of which may possibly affect the ultimate title to property accounted for by the executor of the estate involved in the accounting.

A proceeding for the judicial settlement of the accounts of an executor ·or a proceeding begun in the Surrogate's Court solely for the construction of a will cannot be converted into one to quiet the title to real estate.

PROCEEDINGS upon the judicial settlement of the account of an executor.

Misc.]   Surrogate's Court, New York County, June, 1917.

Edwin V. Guinan, for executor.

Smith & Tomlinson (Henry Willis Smith and Raeburn W. Jenkins, of counsel), for respondents.

Van Vorst, Marshall & Smith (Alexander B. Siegel and Abraham B. Brenner, of counsel), for Hampton Normal Agricultural Institute.

Fowler, S.  This is an accounting by the executor and trustee of the will of the above named Laura W. Ronaldson, deceased.  The will of said testatrix gave, devised and bequeathed all the rest, residue and remainder of her property, both real and personal and mixed, to her executor, in trust nevertheless to convert the same into cash and pay the same to the trustees of the Hampton Normal and Agricultural Institute.  The fourth clause of her will provides as follows:  " I hereby give to the executor of this, my last will and testament, and to his successor, full power and lawful authority to make and enter into contracts and agreements for the sale of the whole, or any part or parts of my real property, and of my right, title and interest in and to any real property, to any purchaser or purchasers, for such sum or consideration as he shall deem the most advantageous for my estate, and to receive payment thereof, either in cash or partly in cash and partly in mortgage secured on the property sold, which sale he is hereby authorized to make, either by private sale or at public auction; and I hereby authorize him, or his successors, to make, execute, acknowledge and deliver good and valid deeds of conveyance of said real property so sold, to the purchaser or purchasers of the same."  The only real property which it is claimed by accountant belonged to the estate of said Laura W. Ronaldson

Surrogate's Court, New York County, June, 1917.    [Vol. 100.

is No. 1062 Lexington avenue, New York city. It seems that the executor and trustee of the will of Laura W. Ronaldson collected rents from this property and finally sold it under the power of sale contained in her will. This property was devised to Laura W. Ronaldson by her mother, Anna R. Ronaldson, by will admitted to probate in this court on April 4, 1895.

In this proceeding for the judicial settlement of the account of the above named executor and trustee of Laura W. Ronaldson two of the parties cited have filed answers, in which they move to strike out all reference in the account of her executor to the items relating to premises 1062 Lexington avenue. They allege in substance that after her death Laura W. Ronaldson had no interest in said premises. The two respondents so moving are the executor of Charles M. Ritz, deceased, and one Helen Ritz Burns. They allege that one Charles Ritz, grandfather of our testatrix, Laura W. Ronaldson, by deed made a gift to the latter's mother, Anna R. Ronaldson, and that Anna R. Ronaldson died leaving a last will and testament, which contained the following provision: " I will, devise and bequeath to my daughter, Laura Inez Ronaldson " (now the said Laura W. Ronaldson) " all my estate, whether real, personal or mixed and wheresoever situate. I direct and will that in case my said daughter should die without leaving any children to survive her, that the estate which I received from my father shall go to my brother, Charles M. Ritz, and my sisters Laura W. Colwell and Belle Ritz equally." As the devisee, Laura W. Ronaldson, died without any children, never having married, the respondents claim that under the will of Anna R. Ronaldson, Charles M. Ritz, Laura W. Colwell and Belle Ritz take by limitation, in said will of Anna R., the

Misc.] Surrogate's Court, New York County, June, 1917.

remainder interest in premises 1062 Lexington avenue. They urge that all questions of construction arising out of the will of said Anna R. Ronaldson should be disposed of by the surrogate in this proceeding, and that as the executor of Laura W. Ronaldson under their contention took no interest in premises 1062 Lexington avenue all reference to his transactions in relation to said premises is improperly included in his present account and should be stricken therefrom.

The original citation in this proceeding was issued only to the persons interested under the will of Laura W. Ronaldson, namely, Helen Ritz Burns, to whom was bequeathed certain jewelry, clothing and household utensils; the Hampton Normal and Agricultural Institute, residuary legatee, and the executor of the estate of Charles M. Ritz, who is alleged to be a creditor. When the answer was filed the executor procured, by supplemental petition, the issuance of a supplemental citation. By that supplementary process there were brought into this proceeding all those persons who would have any claim to the remainder interest bequeathed by virtue of the will of Anna R. Ronaldson; that is to say, Laura W. Colwell, the heirs at law and next of kin, legal representatives and persons interested in the will of Charles M. Ritz, now deceased, and of Belle Ritz, now deceased. The premises No. 1062 Lexington avenue have been sold by the accountant, the executor of Laura W. Ronaldson, under a power of sale contained in the will of said Laura W. Ronaldson. The purchaser from her executor has not been brought in as a party to this proceeding.

The claim of the answering respondents is not that the account of the executor of Laura W. Ronaldson is incorrect because of any omission, but that it is

improper because it contains too much. The executor of Laura W. Ronaldson having sold the premises No. 1062 Lexington avenue, and having treated such premises as belonging to her estate, or as her fee simple, must necessarily now account for the proceeds as part of the assets of his testatrix, Laura W. Ronaldson.

The surrogate cannot construe the will of Anna R. Ronaldson in this proceeding. The judicial power of the surrogate to construe wills is limited; it is confined to particular instances where construction is essential; it is not a general equitable power. The jurisdiction given to the surrogate to construe wills in an accounting proceeding does not include the judicial power to construe any other will which happens to be filed in the Surrogate's Court and a construction of which may possibly affect the ultimate title to property accounted for by an executor of the estate involved in the accounting. The cases cited by the learned counsel for the answering respondents are cases where it was sought to surcharge an account because too little was accounted for, or where the claim was made that an executor had no control or power over the real estate, and that the same had descended to heirs at law. In all those cases the only will construed was the will of the particular deceased whose estate was the subject of the accounting.

An accounting proceeding, or even a proceeding begun in this court solely for the construction of a will, cannot be converted into one to quiet title to real estate. Whatever claim to title the respondents have, if their construction of the will of Anna R. Ronaldson be correct, is not prejudiced by the present accounting of the executor of Laura W. Ronaldson. This opinion is not even an intimation that their claim has been considered by the surrogate. As the will of

the decedent's mother, Mrs. Anna R. Ronaldson, is not involved in this proceeding, nothing herein, indeed, is to be taken as an expression of opinion as to the validity or invalidity of the title conferred by the executor of Laura W. Ronaldson in this proceeding upon his grantee.

Had the executor of Laura W. Ronaldson omitted all reference to the Lexington avenue premises in question, and had the residuary legatees herein objected to his account for such omission, any ruling by the surrogate sustaining the validity of the title would in no way concern or affect any one else save the executor and those interested under the will of Laura W. Ronaldson. The purchaser from her executor could not claim title under such an adjudication, nor would her executor, in the event of a different adjudication in a proceeding by a court of competent jurisdiction, be estopped from claiming that he had conveyed only such title as his testatrix had conferred on him by her will.

Furthermore, by taking under the decree, which will be entered in this proceeding, the respondents will in no way be estopped from sustaining their contention in the future, if there be any merit in it. The situation is not the same as in the case of *Matter of Place,* 1 Redf. 276. None of the respondents in this proceeding will receive any of the proceeds of premises 1062 Lexington avenue.

The motion of the answering respondents to strike out from the account all reference to premises 1062 Lexington avenue is therefore denied, and the account will be settled as filed.

Decreed accordingly.
23