## JOSEPH BONN v. JOSEPH MAERTZ.[1]

May 19, 1922.

No. 22,781.

Negotiable Instruments Act — construction when uncertainty in sum payable.

1. Under section 5829, G. S. 1913, part of the Negotiable Instruments Act, words expressing the sum payable prevail over figures, but, if the words are ambiguous or uncertain, reference may be had to the figures. In the note sued on, the words are badly written and spelled but they are not ambiguous or uncertain and they prevail over the figures.

State of account immaterial.

2. There being no allegation of mistake and no demand for reformation, the state of account between the parties was not important.

New trial not warranted.

3. There was no such showing as to warrant a new trial on the ground of surprise or newly-discovered evidence.

Action in the district court for Le Sueur county to recover $9,060 upon a promissory note. The case was tried before Tifft, J., who made findings and ordered judgment in favor of plaintiff for $960. From an order denying his motion to set aside the findings or for a new trial, plaintiff appealed. Affirmed.

*Richard S. Jones* and *Victor M. Peterson*, for appellant.

*E. W. Komarek*, for respondent.

HALLAM, J.

This is an action on a promissory note. The note was given in 1917 to Mary Bonn, now deceased, and is now owned by plaintiff. The only question in the case is as to the amount named in the note. The note is here reproduced:

[1]Reported in 188 N. W. 262.

The writing is bad, likewise the spelling. Defendant contends that the amount written is "nine hundred and sixty dollars," with the word "hundred" misspelled and that the figures are erroneous. Plaintiff contends that the writing is ambiguous and that for that reason the figures control. The trial court, trying the case without a jury, found that the written portion of the note contains the words nine "hundred" and sixty dollars and gave judgment only for that amount.

The law governing the case is clear. It is all contained in G. S. 1913, § 5829, part of the Negotiable Instruments Act. This section reads as follows:

"Where the sum payable is expressed in words and also in figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable; but if the words are ambiguous or uncertain, reference may be had to the figures to fix the amount."

We think the trial court rightly held that the word as to which question is raised was meant for "hundred." From examination of the note itself there could hardly be a doubt. A number of other documents were produced in which defendant had written what was plainly intended for "hundred" with the same chirography and spelling. The written words are not ambiguous or uncertain. They prevail over the figures. The decision was right.

2. It is not very material to the issues of this case what the state of account between plaintiff and Mary Bonn may have been. This

action is on the note only. There is no allegation of mistake in the note and no demand for reformation.

3. Plaintiff asks for a new trial on the ground of surprise. He claims to have been surprised by the allegation of the answer that the note in suit was indorsed to Mary Bonn by her father and by defendant's testimony that the debt evidenced by this note was originally a debt to her father. It seems unnecessary to say that the showing is wholly insufficient to warrant a new trial on the ground of surprise.

Not more persuasive is the application for a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence consists of records of the probate court of Hennepin county tending to show that Mary Bonn distributed all money received from her father. The proposed evidence may have had some indirect bearing upon the issues, but, if so, no excuse is offered for not producing it at the trial.

Order affirmed.