In the Matter of the Estate of J. George Ihmsen, Deceased.

Surrogate's Court, Albany County, February 3, 1937.

*Herman P. Greene*, for the petitioner.

*Arthur L. Andrews*, for the respondent.

Rogan, S. This is a discovery proceeding under section 205 of the Surrogate's Court Act to recover possession of two certain bank deposit books of decedent alleged to be wrongfully withheld by the respondent.

On the 17th day of December, 1935, the decedent entered into an agreement with the respondent, the National Commercial Bank and Trust Company, by the terms of which the bank was to be the custodian of certain securities and property of the decedent held by it at the time the agreement was made, whereby it was agreed that the income from such securities was to be paid to him during his lifetime and upon his death to his wife. At the death of his wife the principal was to be distributed in certain proportions to named beneficiaries.

Attached to this agreement was a list of the securities and property constituting the trust estate, and this schedule includes a listing of the two bank deposits which are the subject of this inquiry.

In addition to the petitioner, the wife of decedent, there are thirteen persons named in the agreement who have either contingently or otherwise an interest in the distribution of the principal of the trust estate.

The question has arisen as to whether or not the surrogate has jurisdiction to grant the relief sought in this proceeding, it being contended by the respondent that this court has no power to construe the provisions of an *inter vivos* trust agreement, while the petitioner maintains that the books were left with the bank only for safekeeping during the lifetime of the decedent, and were never intended to become a part of the *inter vivos* trust fund.

While there is grave doubt in my mind as to the intent of the decedent regarding these bank books, I am forced to hold that this court is not the proper forum where the rights of this petitioner and those interested in the remainder of the trust fund can be adjudicated and determined. There can be no doubt, after reading the instrument and the schedules annexed thereto, that the agreement is proved to be, by its own terms, a trust *inter vivos*. The legal effect of the agreement and the question whether it does or does not properly include the bank books in question must be passed upon by the Supreme Court.

Even though the various revisions of section 40 of the Surrogate's Court Act have vastly broadened the functions of the court, it is still, in essence, one for the administration of justice in " matters relating to the affairs of decedents," as distinguished from controversies involving the rights of the living. (*Matter of Rosenblum*, 146 Misc. 537.) Judge O'BRIEN, writing for the court in *Matter of Lyon* (266 N. Y. 219), at pages 223, 224, said: " Conceding that the specific powers conferred by section 40 of the Surrogate's Court Act are in addition to and without limitation or restriction on the powers that are general (*Matter of Raymond* v. *Davis*, 248 N. Y. 67), the provisions of section 257 of the Surrogate's Court Act (amd. by Laws of 1926, chap. 669) and section 171 of the Surrogate's Court Act (amd. by Laws of 1930, chap. 174; Laws of 1934, chap. 172), expressly vesting the Surrogate's Court with jurisdiction over testamentary trusts and trustees and preserving silence in respect to trusts *inter vivos*, when read in connection with the general powers granted by section 40 relating to the limited subject of ' affairs of decedents ' and the restrictive powers over ' testamentary trustees ' (Subd. 3), must be taken as clear evidence of a legislative

purpose *to exclude jurisdiction in the Surrogate to determine the effect of a trust agreement between living persons."* (Italics mine.) To the same effect see *Matter of Crosby* (136 Misc. 688) and *Matter of Rosenblum* (*supra*).

The proceeding is, therefore, dismissed with leave to commence a proper action in the Supreme Court.