ELIAS KASNOWITZ and Others, Copartners Doing Business under the Firm Name and Style of MAX KASNOWITZ & SONS, Plaintiffs, v. MANUFACTURERS TRUST COMPANY, Defendant, and HOPE BAG, INC., and JACK SEIGEL, Impleaded Defendants.

City Court of New York, Special Term, Bronx County, June 27, 1939.

*Arnold A. Weinstein*, for the plaintiffs.

*Newman & Bisco* [*Martin L. Stein* of counsel], for the defendant, Manufacturers Trust Company.

SCHACKNO, J. Plaintiffs move under rule 109 of the Rules of Civil Practice for an order striking out the second and third affirmative defenses from the answer of the defendant Manufacturers Trust Company as insufficient in law upon the face thereof. Plaintiffs, as copartners, maintained a check account under their firm

name in one of the branch banks of this defendant. Their complaint alleges that they issued two checks, both to the order of the impleaded defendant, Hope Bag, Inc., one week apart in the sums of $12 and $14, and that on presentment of these checks the bank paid out of their account thereon the sums of $1,200 and $1,400. The second affirmative defense in the answer of the defendant bank alleges that in issuing these checks plaintiffs intended that these larger sums should be paid thereon by reason of plaintiffs' obligations to the payee in the course of their business relations. The third affirmative defense alleges that plaintiffs are barred from a recovery because of their own gross negligence in issuing the checks in the form in which they appear. On both of these checks, as drawn and as presented, the amounts payable expressed in words are the lesser sums while the amounts expressed in figures are the greater sums. The Negotiable Instruments Law, section 36, subdivision 1, provides that, " Where the sum payable is expressed in words and also in figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable."

Taking the defenses in inverse order, it seems apparent that both the plaintiffs and the defendant bank were guilty of negligence as a matter of law on the very face of the transaction. Plaintiffs were negligent in drawing the checks in this manner. The bank was negligent in paying its depositor's funds at all where the amounts payable in figures and words are dissimilar, and more particularly in paying the amounts expressed in figures where the statute made those checks payable in the amounts expressed in words. " A bank is bound by contractural obligation to the exercise of due care in the payment of checks bearing the genuine signatures of its depositors. Its negligence defeats the defense of negligence on the part of the depositor. (*Critten* v. *Chemical Nat. Bank,* 171 N. Y. 232.)" (POUND, J., *Gutfreund* v. *East River Nat. Bank,* 251 N. Y. 58, 64.) The allegation of the answer that the negligence existed solely on plaintiffs' part, inferentially alleging freedom from contributory negligence of the bank, is a conclusion impossible of proof on the very face of the pleading. The third affirmative defense is stricken out.

The sufficiency of the second affirmative defense is of more interesting consideration. It involves an interpretation of section 36, subdivision 1, of the Negotiable Instruments Law, above quoted, which seems to be a problem of first impression in this State in so far as counsel and the court can ascertain. Defendant argues that it should be permitted to show the true intention of plaintiffs in drawing the checks in order to prevent a double recovery by plain-

tiffs who it is alleged received credit from the payee in the amounts actually paid by the bank. Plaintiffs argue that by reason of the statutory mandate the intention of the drawer is immaterial and that the bank may not excuse its having paid a larger sum from plaintiffs' account than the statute says the checks were drawn for. To permit proof of the drawer's intention would of course negative the very meaning of the statute, the apparent purpose of which is to obviate the factual issue of intent by providing an arbitrary rule of its ascertainment. Yet, it has been sagely observed that a statute means not what it says but rather only what the last appellate court says it means.

In the absence of a construction of this section of the statute by our own appellate courts, we may give weight to the decisions in other jurisdictions construing the same section of this uniform act. (*Broderick & Bascom Rope Co.* v. *McGrath*, 81 Misc. 199, 201.) In those States where the section has been judicially construed, effect has been given to its apparent meaning and evidence of intent has been excluded. (*Cheney* v. *Bank of Bremen*, 25 Ga. App. 144; 102 S. E. 903; *Bonn* v. *Maertz*, 152 Minn. 204; 188 N. W. 262; *Farmers State Bank of Dickinson* v. *Koffler*, 60 N. D. 11; 232 N. W. 307; *Citizens Bank of Charleston* v. *White*, 132 S. C. 295; 128 S. E. 27; *Ruffner* v. *McKenzie*, 13 Tenn. App. 566; 10 C. J. S. p. 479, § 43.) It seems that prior to the Uniform Negotiable Instruments Act it was well settled that, where there was a discrepancy between the words and the figures expressing the amount payable, the words controlled. (10 C. J. S. p. 479, note 26.) It may be strenuously argued that the Negotiable Instruments Law should not be given a technical construction beyond its intended goal, the free circulation of negotiable paper, and that as between the original parties intention should govern just as it does in the interpretation of other contracts. But in order to prevent a miscarriage of justice we are not compelled to adopt a construction of the statute which will defeat the need for uniformity in the laws of the various States in commercial transactions. We are considering the sufficiency of the answer on its face and may not refer to the cross-complaint of the bank against the payee who has been impleaded as a defendant. Ignoring the cross-complaint, the problem which has arisen here results from a misapprehension of the pleader as to the remedy of the defendant bank. The bank has attempted to put the entire transaction in issue in order to prevent a double recovery by plaintiffs. If in fact there will be no double recovery, the intent of the depositor is immaterial in the determination of plaintiffs' right to recover damages sustained by

reason of the bank's disregard of its depositor's order to pay. If there will be a double recovery, an unjust enrichment will result which is susceptible of a legal remedy. The second defense of the answer pleads the intent of the plaintiffs at the inception of the transaction instead of pleading the result to plaintiffs at the conclusion of the transaction. A defense which pleads unjust enrichment by reason of the very situation of which complaint is made may always be interposed. This is not proof of the self-same facts by giving the wrong another label. (Cf. CARDOZO, Ch. J., in *Ultramares Corp.* v. *Touche*, 255 N. Y. 170, 185, 186, 187.) It is proof of the result, the requisite fact necessary to invoke the sanction of the law. The second affirmative defense is stricken out with leave to the defendant to amend.