ELIAS KASNOWITZ and Others, Plaintiffs, *v.* MANUFACTURERS TRUST COMPANY, Defendant, and HOPE BAG, INC., and JACK SEIGEL, Impleaded Defendants.

City Court of New York, Special Term, Bronx County, October 11, 1939.

*Arnold A. Weinstein,* for the plaintiffs.

*Newman & Bisco [Martin L. Stein* of counsel], for the defendant Manufacturers Trust Company.

SCHACKNO, J.   Plaintiffs move to strike out the second affirmative defense in the defendant's amended answer as insufficient in law.   The facts and nature of the action are stated in the opinion of this court considering the sufficiency of the defendant's original answer.   (*Kasnowitz* v. *Manufacturers Trust Co.,* 171 Misc. 545.) There it was stated that " If there will be a double recovery, an unjust enrichment will result which is susceptible of a legal remedy." Defendant's amended answer now pleads the transaction between plaintiffs and their contractor, Hope Bag, Inc., the delivery of the checks against plaintiffs' indebtedness and the collection of the proceeds by the contractor.   Then it is alleged " that a record of the issuance of the aforementioned checks in the sum of $1,200 and $1,400 respectively, and the indebtedness of the plaintiffs to Hope Bag, Inc., in said amounts,   *   *   *,   was duly made in plaintiffs' books of account."

Plaintiffs, relying on *Schoen* v. *Security Bank* (81 Misc. 173), decided by the Appellate Term in this department in 1913, contend that a defense of consideration for the issuance of the checks and the payments made thereon is irrelevant to the issue of the defendant bank's payment of its depositor's money to a third person without authority.   This contention would be sound had defendant not gone further and alleged that after the payment of the checks the plaintiffs had credited themselves with such payment upon their books.   (*American Defense Society* v. *Sherman Nat. Bank,* 225 N. Y. 506.)

The decisions in those two cases are not in conflict with regard to the actual questions therein decided.   To the extent that the implication of the two opinions appear to conflict, the *obiter dicta* in the later decision of the Court of Appeals seems to this court to have the weight of stronger reason.   Both decisions necessarily stand for the proposition that the burden of proof is not upon the depositor to prove damage, and both decisions are in accord that an affirmative defense is insufficient in law which merely pleads that the depositor received such consideration for the check as would support a promise to pay, or even that the depositor had received his money's worth.   The opinions in the two cases seem

to reach the parting of the ways when we consider the attempt of a defendant bank to raise an issue as to whether the depositor had in any way recognized receipt of the money from the bank by the third party as payment of the depositor's obligations to him.

In consonance with the modern view of the law in action, the juridical application of legal formulas in a given case should not operate to fashion a different result from that recognized by the litigants themselves in their own contemplation of what they have done. Twenty years ago Dean Pound said, " Perhaps the most significant advance in the modern science of law is the change from the analytical to the functional attitude." (" Administrative Application of Legal Standards," Proceedings American Bar Association, 1919, pp. 441, 449.)

The issue raised here as to the plaintiffs' reflection of this transaction in their own books of account is sufficient in law, for " then in such case there would have been ratification of the wrongful act of the bank and the plaintiff could not recover." (*American Defense Society* v. *Sherman Nat. Bank, supra,* pp. 506, 509.) That issue has been properly raised by pleading it as an affirmative defense. (*Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450.) The motion to strike out is denied.

Order filed.