Mrs. Samuel B. Chase alleges that she purchased from the Central Homestead Association five shares of its stock, paying therefor $500 in cash, and that there was issued to her Certificate No. 2849; that while this certificate on its face purports to be issued for five shares, there appears in numerals, on the margin, "2 shares", and that the Central Homestead Association has declined to give her credit for more than two shares. She prays that the homestead be ordered to issue to her three additional shares of $100 par value each or, in the alternative, that there be judgment in her favor and against the homestead in the sum of $300.
The defendant homestead answered denying that plaintiff paid more than $200 and that "certificate No. 2849 was issued and delivered to the plaintiff, whereon in numerals two (2) shares were cut with the check-protector and two (2) shares were punched on the side, but through error and inadvertence Five Hundred Dollars ($500.00) was typed in the body".
There was judgment below in favor of the defendant rejecting plaintiff's demand, and she has appealed.
The certificate of stock, which is in evidence, contains the following: *Page 57 
"This certifies that * * * Mrs. S.B. Chase * * * has paid the full par value of $100.00 per share for * * * five * * * full-paid shares, and is a member of the undersigned. * * *"
The words "Mrs. S.B. Chase" and the word "five" are in typewriting, the remainder is a part of the printed form of the certificate.
Mrs. Chase testified that on January 26, 1939, she went to the office of the homestead with $500 in twenty, ten and five dollar bills, which she gave to a Mr. Fred Demonte, a clerk in the employ of the homestead, and received from him the certificate of stock — No. 2849. Mr. Demonte had left the employ of the homestead when the case was tried and did not testify in person or by deposition.
Mr. Charles E. Whitmore, the Secretary-Treasurer of the association, stated that according to the records of the association, Mrs. Chase purchased two shares of stock and, at the same time, paid $50, which was credited to the optional share or savings account in her name. In other words, she paid $250 at the time she purchased the stock and that his books showed "no overage" of cash on that day.
Mrs. Chase received four semi-annual dividends based on two and not five shares of stock without complaint and it was not until April, 1941, or more than two years after she purchased the stock that any complaint was made.
Mr. Whitmore cannot explain the fact that five shares are written in type in the body of the certificate except upon the ground that it was a mistake.
The certificate contains three references to two shares. On the top there is perforated in red ink by a check protectograph the figures "$200 00 cts." In the upper righthand corner appears the numeral "2" under the printed word "shares". On the margin, in what is called a safety scale, holes are punched indicating that the certificate calls for $200. Thus it appears that in three places the certificate purports to represent two shares, while in the body in typewriting it would appear to represent five shares.
Plaintiff relies upon the rule with respect to negotiable instruments as announced in Act No. 64 of 1904, the Uniform Negotiable Instrument Act, Section 17:
"Where the sum payable is expressed in words and also in figures and there is discrepancy between the two, the sum denoted by the words is the sum payable; but if the words are ambiguous or uncertain, references may be had to the figures to fix the amount. * * *
"Where there is a conflict between the written and printed provisions of the instrument, the written provisions prevail."
We do not believe the Negotiable Instrument Law to be applicable. There is no third person involved, consequently, the general law of contract governs. We need not, therefore, consider what the situation would be if this suit was brought by a third person, a holder in due course, for value, etc.
The defense set up by the homestead is one of error, therefore, if we assume that the appearance of the word "five" in typewriting outweighs the three references to two shares in the instrument, we see no reason why proof cannot be administered to show that an error was committed. It would appear that one purchasing $500 worth of stock would have immediately noticed that there was a conflict in the certificate as to the number of shares it called for. Mrs. Chase signed a receipt for two shares. She paid $50 on her installment account at the time she bought the shares of stock, which she fails to deny or to account for in insisting that she paid $500, the value of the five shares to the homestead. For two years she received dividends on two shares without complaint. She explains her failure to protest or to complain during this period by saying that her husband was very ill and that she was too busy nursing him to notify the homestead. She says that she knew she was not being paid the proper dividends and every time she received an insufficient check she would mention it to her husband, but said nothing to the homestead. She also admits having received notices from the auditors of the homestead asking whether her account was correct and that she paid no attention to these notices.
Under the circumstances, it seems to us the proof preponderates in favor of the defendant, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 58