In this proceeding the issue as to giving of deeds by the decedent was litigated in connection with a proceeding to construe the last will and testament, the construction being asked to determine the ownership of the two parcels of real property in question and the proceeding involves an accounting. Decree of the Surrogate’s Court of Schenectady County affirmed, with costs to all attorneys filing briefs, payable out of the estate. Hill, P. J., Heffernan and Russell, JJ., concur; Brewster, J., dissents in a memorandum in which Foster, J., concurs in part, and on the ground that the proof was insufficient to establish valid inter vivos gifts: I vote for a reversal of the decree appealed from and for a dismissal of the proceeding upon the ground that the Surrogate’s Court was without jurisdiction to try and determine the issue as to whether the deeds of conveyance in question constituted valid inter vivos gifts of real estate. In this proceeding for the construction of the alleged donor’s will that was the only issue tried and determined. Nothing in the will itself was sought to be, nor, it seems, could properly have been asked to be, construed. There is no question, and none was raised, as to the meaning or legality of any of its provisions. The issue litigated involved the title to real estate as a result of a transaction alleged to have occurred between the living. There was nothing testamentary about it. It did not concern either the estate or the will of the decedent so as to give rise to surrogate jurisdiction. (Matter of Smith,, 96 Misc. 414; Matter of Irwin, 100 Misc. 348; Matter of Brown, 221 App. Div. 772; Matter of Crosby, 136 Misc. 688; Matter of Rosenblum, 146 Misc. 537; Matter of Lyon, 266 N. Y. 219; Matter of Ihmsen, 161 Misc. 789.) Upon a premise of jurisdiction and the merits of the matter determined, I vote for a reversal of the decree, on the law and on the facts, and that it be adjudicated in substance that the proofs adduced by and on behalf of the respondents, James Garfield Shaw and Robert Homer Shaw, are insufficient to establish that the deeds of conveyance executed by the decedent Janies A. Goodrich on May 22, 1942, wherein one each of said respondents was named in said respective deeds as a grantee, were ever delivered by said decedent to said grantees or to any third person in such manner and under such circumstances and conditions as to effectuate valid inter vivos gifts.