In the Matter of the Accounting of JOHN C. GLENN, Public Administrator of Queens County, as Administrator of the Estate of MINNIE ARRINGTON, Deceased.

Surrogate's Court, Queens County, January 25, 1951.

*George W. Herz* for administrator, petitioner.

*Jeremiah C. Waterman* for Harriet E. Arrington, individually and as executrix of Clarence H. Arrington, deceased, objector.

*Frank P. Seitz*, special guardian for unknown distributees of Minnie Arrington, deceased.

*Nathaniel L. Goldstein, Attorney-General* (*P. Hodges Combier* of counsel), for State of New York.

*John P. McGrath, Corporation Counsel*, for Department of Hospitals, claimant.

SAVARESE, S.   The decedent in this contested accounting proceeding died on April 24, 1947, intestate and without known distributees.   Her last surviving issue, a son, Clarence H. Arrington, predeceased her on March 3, 1947, leaving a will dated February 25, 1942, which has been admitted to probate in this court.   Letters testamentary were issued to the son's widow on April 2, 1948.   She is his sole residuary devisee and legatee. Individually and as executrix the son's widow filed objections to the account of the mother's administrator and a hearing thereon has been held.

The proof satisfies the court that the decedent was indebted to her son in the sum of $1,227 evidenced by six promissory notes, with interest from the date of each note on the respective amounts.   Objection 2 and the portion of objection 3 relating to said notes are sustained.   The objector's individual claim for funeral expenses, taxes, and a mortgage payment made by her are also supported by the proof and are allowed.   Objections 7 and 9 are sustained.

The objector, as the son's executrix, lays claim to a parcel of real property, described in paragraph 10 of the petition and in schedule K of the account, title to which is in the name of the decedent herein.   This court has jurisdiction in an accounting proceeding to determine the title to real property standing in the name of the decedent.   (*Matter of O'Flyn*, 174 Misc. 1025, and cases therein cited; see, also, *Matter of Wojtkowiak*, 276

App. Div. 942, affd. 301 N. Y. 546; *Matter of Goodrich,* 272 App. Div. 967, affd. 298 N. Y. 734; *Matter of Drellich,* 254 App. Div. 380, and Surrogate's Ct. Act, § 40.) The documentary evidence establishes without contradiction that the decedent held title in trust for her son. She therefore had no beneficial interest therein at her death. Objection 5 is sustained and the decree herein will adjudge that title to the realty in question was in the decedent's predeceased son. Objection 8 was withdrawn at the trial.

Petitioner prays for a construction of paragraph second of the son's will to determine the nature and extent of the legacy therein made to his mother, the decedent herein. The objecting executrix has paid $2,700 on account of said legacy to the petitioner as the mother's administrator without prejudice. The parties have stipulated that the court may construe the son's will in this proceeding. While jurisdiction may not ordinarily be conferred by consent (*Matter of Walker,* 136 N. Y. 20; *Matter of Sturmer,* 277 App. Div. 503; *Matter of Crosby,* 136 Misc. 688), and although the Surrogate would not ordinarily have jurisdiction to construe the will of a decedent other than the one in whose estate the proceeding before him is pending (*Matter of Irwin,* 100 Misc. 348; *Matter of Link,* 173 Misc. 217, 222; cf. Surrogate's Ct. Act, § 145), the court believes that this is a proper case where the will of another may be construed. The son's will has been probated in this court. Subdivision 8 of section 40 of the Surrogate's Court Act confers jurisdiction " to determine the validity, construction or effect of any disposition of property contained in *any* will proved in [t]his court * * * whenever it is necessary to make such determination as to *any* will in a proceeding pending before him ''. (Emphasis supplied.) It is clearly necessary to construe the son's will in this proceeding to determine the issues raised by the objector concerning the conduct of the accounting party in setting forth the full amount of the legacy as an asset of the estate in schedule A of his account. All who would be necessary parties to a proceeding to construe the son's will are parties to this proceeding. The stipulation that the court may construe the son's will is substantially equivalent to the institution of an independent proceeding in the son's estate for that purpose. Decision of the issues in this proceeding will avoid circuity of action.

The second paragraph of the son's will reads as follows: " Second: If my mother, Minnie Arrington survives me and she has not already sold her house, 169-24 89th Avenue, Jamaica,

New York, at a price giving her at least Five thousand ($5,000.) Dollars surplus in cash, I give and bequeath to her the sum of Two thousand seven, ($2,700.) [*sic*] Dollars, and that in accepting the same she shall release my estate of any and all claims which she might have against the same for any and all sums of money which I at any time may have owed to her.''

There were at least two express conditions precedent to the vesting of the legacy, both of which occurred. The mother survived, though only for fifty-three days, and she had not sold her house. The son's widow contends, however, that there is a third condition precedent, namely that the mother release the son's estate from all claims. It is conceded that the mother never executed such a release. Indeed, it is difficult to understand how she could have done so in view of the short time she survived her son. As the objector did not qualify as executrix of the son's estate until almost a year after his death there was no one to whom the mother could give a release during her lifetime. Furthermore, the present account fails to disclose any obligation of the son to his mother. On the contrary, the evidence establishes that at the time the son made his will and at his death it was the mother who was indebted to the son. Two of the promissory notes upon which the objector bases one of her claims are dated prior to the date of the will. Finally, in the court's opinion the provision calling for a release is not a condition precedent to the vesting of the legacy, but at most a concurrent condition to be met when the legacy is tendered. There was never any tender thereof in the legatee's lifetime. Under these circumstances the legatee's legal representative may substantially comply with the alleged condition and give a release in the form described in the son's will. (See *Matter of Feinson,* 104 N. Y. S. 2d 303.)

The holding that the legacy is payable compels a determination of whether the amount thereof is $2,700 or $2,007. The ambiguity is apparent on the face of the will and doubtless was caused by error. Did the testator omit the word '' hundred '' between the word '' seven '' and the figure '' ($2,700.) '' or did he misplace the number '' 7 ''? Although this is clearly a case where evidence of extrinsic circumstances would be admissible to clarify the ambiguity (*Matter of Smith,* 254 N. Y. 283; *Matter of Turner,* 206 N. Y. 93; *Matter of Baker,* 89 N. Y. S. 2d 56; see *Schlottman* v. *Hoffman,* 73 Miss. 188), the parties stipulated that they had no evidence which might aid the court in construing the will.

When there is a variance between the words and the figures in a negotiable instrument, the statutory rule is that the words shall control. (Negotiable Instruments Law, § 36, subd. 1; *Kasnowitz* v. *Manufacturers Trust Co.,* 171 Misc. 545, 172 Misc. 242; 10 C. J. S., Bills and Notes, p. 479, n. 26; 8 C. J., Bills and Notes, p. 144, n. 56.) The statute merely codified a rule of the law merchant. (*Garrard* v. *Lewis,* 10 Q. B. D. 30.) It does not apply generally. (See *Chase* v. *Central Homestead Assn.,* 18 So. 2d 56 [La. App.].) In the commercial world the objective manifestations of the intention of the maker of a promissory note are more important than his subjective intent. In the construction of a will the actual intent of the testator is the ultimate question if it can be ascertained. The statutory rule therefore has no bearing on the meaning of the will.

No case has been cited by the parties nor has the court's independent research disclosed any involving a mistake such as this in a will. (Cf. *Matter of Vismar,* 117 Misc. 554; *Matter of Hibbard,* 53 Misc. 196; *Matter of Schweigert,* 17 Misc. 186, 192; *Matter of Nesmith,* 6 Dem. 333, and *Schlottman* v. *Hoffman,* 73 Miss. 188, *supra.*) There is nothing in the record or in the will which gives the court the slightest hint as to the testator's intention. As the legatee was at least entitled to $2,007 the court will construe the son's will as bequeathing only that amount to this decedent. The accounting party must therefore return to the objector as executrix the difference of $693. Objections 1, 4, 6, and that part of objection 3 relating to the legacy are sustained to the extent indicated and otherwise overruled. Account settled. Submit decree on notice.