OPINION OF THE COURT
Peter N. Wells, S.
This is a petition for construction of subparagraphs third (e), (f) and (i) of decedent’s last will and testament dated June 18, 1992. Said subparagraphs provide:
"third: I make the following specific bequests:
"(e) To my grandson, Patrick j. hunter, 625 Stinard Avenue, Syracuse, New York, the sum of Seven Thousand and Five Hundred Dollars ($8,500.00), per capita;
"(f) To my granddaughter, mary hunter, 625 Stinard Avenue, Syracuse, New York, the sum of Seven Thousand and Five Hundred Dollars ($8,500.00), per capita;
"(i) To my friend, mary j. kantak, 106 Look Out Circle, Syracuse, New York, the sum of Six Thousand Dollars ($4,000.00), per capita.”
The question that arises is whether the above bequests should be construed as bestowing the numerical amounts or the amounts written in words. The petitioner urges that the infant grandchildren, Patrick J. Hunter and Mary Hunter, be allowed the numerical amounts which are greater than the word amounts. In order to effectuate these bequests petitioner suggests that the paragraph pertaining to Mary J. Kantak, a nonrelated person, also be construed as the numerical amount designated for her, said amount being $2,000 less than the written word amount. The guardian ad litem for the two infants has recommended the court construe decedent’s will as giving these infants the larger numerically designated amount. All other interested persons have executed waivers.
 The main consideration here, as in all construction proceedings, is the intention of the decedent as indicated in his will (Matter of Fabbri, 2 NY2d 236). When the intent of *653 the testator is ambiguous there is a presumption that the testator intended to favor blood relatives as opposed to nonrelatives. (Matter of Gulbenkian, 9 NY2d 363, 371.) Here, the testator favored his grandchildren by leaving them a greater amount indicated in both the words and the figures than the amount he bequeathed to his friend in either words or figures. By so doing, the testator intended to favor his grandchildren.
It is well recognized that when there are two conflicting clauses in one will, the latter clause controls (Van Nostrand v Moore, 52 NY 12; Matter of Quigley, 37 Misc 2d 320). In the present situation the numerical amount is the latter amount in all the clauses in question. This means that with respect to the testator’s grandchildren the numerical amount which is the greater amount must prevail. In regard to the testator’s friend, Mary J. Kantak, the numerical amount is the lesser amount which also must prevail.
The court is aware that in matters involving commercial paper it is the written amount as opposed to the numbers that is given effect. (UCC 3-118 [c].) However, the commercial law is not controlling in will construction proceedings (see, Matter of Arrington, 200 Misc 72).
Accordingly the decedent’s last will and testament dated June 18, 1992 is construed as allowing his infant grandchildren Patrick J. Hunter and Mary Hunter designated in paragraph third, subparagraphs (e) and (f) respectively to receive the amounts typed in numerals of $8,500 each. Mary J. Kantak is to receive the sum of $4,000 typed in numerals in paragraph third in subparagraph (i).