In the Matter of the Estate of IRENE ANDRUSS KOEHLER, Deceased.

Surrogate's Court, New York County, June 4, 1929.

*Walsh & Hennessy* [*Francis X. Hennessy* of counsel], for the executor.

*Mapes & Raynor*, for William P. Meaney.

*John A. Bell, Jr.,* special guardian.

FOLEY, S. The motion to dismiss the claim of the alleged creditor, William P. Meaney, asserted in this accounting proceeding, is denied. The Surrogate's Court has ample jurisdiction to hear and determine the issues involved between the claimant and the estate. Recent authorities have vigorously sustained the grant of equity jurisdiction in accounting proceedings contained in section 40 of the Surrogate's Court Act. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Cook*, 244 id. 63; *Matter of Haigh*, 125 Misc. 365; *Matter of Coombs*, 185 App. Div. 312; *Matter of Beare*, 122 Misc. 519; affd., 214 App. Div. 723.) *Raymond* v. *Davis* (*supra*) involved a claim of surviving partner for an accounting against the estate of the deceased partner. The Court of Appeals held that not only could an accounting be had but that the surrogate in the exercise of his equitable powers could direct the liquidation of the partnership assets. In the present proceeding the claim is asserted under an

*inter vivos* deed of trust which provided for the payment, under certain circumstances, of a fixed monthly amount by the decedent out of the net rents collected by her. Under its terms the balance of income was to be retained by her as life tenant. The executor and beneficiaries of the estate and the claimant, therefore, are the only persons interested. Cases may arise where, by reason of the interest of third parties and the necessity for their participation in the litigation, the claimant should be required to proceed in an action for an accounting in the Supreme Court. That situation does not exist in the present proceeding. " To remit the claimant to another forum after all these advances and retreats, these reconnaissances and skirmishes, would be a postponement of justice equivalent to a denial. If anything is due him, he should get it in the forum whose aid he has invoked." (CARDOZO, Ch. J., in *Matter of Raymond* v. *Davis, supra.*) The claim will be tried at the hearing set in this matter for June tenth, at two-thirty P. M.