## In the Matter of the Estate of ISABEL A. CROSBY, Deceased.

Surrogate's Court, New York County, April 14, 1930.

*Howard Hasbrouck,* for the executors.

*George W. Alger,* for Dudley E. Roberts.

*Dunn, Daly & Bain [George J. Vogel* of counsel], for the Title Guarantee and Trust Company.

*Ira Bliss Stewart,* for Walter Scott Free Industrial School for Crippled Children, residuary legatee.

*George Flint Warner,* for Mary E. Thompson.

*Emil Goldmark,* for the Shut-In Society of New York.

FOLEY, S. This application involves a construction of the will of testatrix to determine whether or not she properly exercised a power of appointment. That power was created for her in a deed of trust executed by her son, Charles W. Crosby. At the time of the execution of the deed he was a resident of New York. By the deed of trust he conveyed certain personal property to the Title Guarantee and Trust Company of this State. Under the trust deed Isabel A. Crosby was given the net income from the property

which constituted the corpus of the trust fund during her life, and upon her death the fund was to be paid over to such person or persons as she should by will direct and appoint. Charles W. Crosby, the son, is still alive. Of the numerous questions presented for determination, the primary one has to do with the jurisdiction of this court to construe the deed of trust and the will.

I regret extremely that I am compelled to hold that the Surrogate's Court has no jurisdiction to determine the questions involved here. That court has jurisdiction only of testamentary trusts (Surr. Ct. Act, § 171). The nature of this limited jurisdiction is emphasized by the decision in *People ex rel. Safford* v. *Surrogate's Court of the County of Genesee* (229 N. Y. 495). It has no jurisdiction over *inter vivos* trusts. Nor has it any jurisdiction over a trust created by a deed, which is further subject to a power of appointment by will. The legal effect of the will of the testatrix, and the question whether it does or does not properly appoint the trust property, must be passed upon by the Supreme Court. The validity and effect of an instrument, whether will or deed, which purports to exercise a power of appointment, must be determined in the court which has jurisdiction to construe the instrument originally creating the power. (*Matter of Harriman*, 124 Misc. 320; affd. on opinion below, 217 App. Div. 733, and the cases cited therein; *Matter of Trowbridge,* 124 Misc. 317; *Matter of N. Y. Life Insurance & Trust Co.* [*Estate of Hallgarten*], 139 N. Y. Supp. 695; affd., 157 App. Div. 916; 209 N. Y. 585.) The statement of the Court of Appeals in a *per curiam* opinion in the last case is pertinent, for the court held that the construction and effect of the will of the donee " in so far as it involved an exercise of the power of appointment conferred by the will of her father, is governed by the law of this State, the domicile of the donor of the power, and the situs of the property." If the power of appointment here had been created by a will admitted to probate in this court, there would be no question about our power to construe the donee's will, wherever admitted, as an exercise of the power. The property which is the subject of this proceeding passes under the deed of trust executed by the settlor. This court has no jurisdiction over it. To determine the validity of the appointment, the will of the donee of the power must be read into the instrument by which the power was granted. (*Genet* v. *Hunt,* 113 N. Y. 158; *Fargo* v. *Squiers,* 154 N. Y. 250, 259.) But, if the appointment is valid, the fund passes directly from the trustee named in the deed, to the appointees. (*Matter of Canda,* 197 App. Div. 597, 602.)

I am unable to agree with the theory of the distinguished counsel that section 40 of the Surrogate's Court Act, with its comprehensive

grant of equitable powers to this court, confers jurisdiction over an *inter vivos* trust or the effect of the will of the donee which was admitted in New York county. Nor has the decision in the Court of Appeals in *Matter of Raymond* v. *Davis* (248 N. Y. 67) any application. That decision simply upheld the equitable jurisdiction of the surrogate in a discovery proceeding where the fundamental jurisdiction of the estate of the decedent was unquestioned. The whole basis of jurisdiction falls when the fact is revealed that the power of appointment was created by a trust deed. Nor can the surrogate obtain jurisdiction by the consent of the parties. Where jurisdiction is not founded upon a lawful grant of power it cannot be obtained by consent. (*Matter of Walker*, 136 N. Y. 20; *O'Donoghue* v. *Boies*, 159 N. Y. 87, 98.) Incidentally in this case, the grantor of the power is an incompetent and appears by his committee. Any decree construing the will of Isabel A. Crosby in so far as it affected the exercise or non-exercise of the power would be futile and improper. The proceeding is dismissed with leave to commence a proper action in the Supreme Court or some other authorized forum.

Submit decree on notice accordingly.