In the Matter of the Petition of FREDERICK M. NIELSON et al., Respondents, to Compel an Accounting by FREDERICK M. NIELSON et al., as Executors of NELLIE LYON, Deceased, of Her Proceedings as Trustee.

ARTHUR B. VAN LOON et al., as Executors of NELLIE LYON, Deceased, et al., Appellants.

(Argued January 3, 1935; decided February 26, 1935.)

*Raymond A. Knowles* for Arthur B. Van Loon et al., as executors of Nellie Lyon, deceased, appellants. The petition alleges an unexecuted *inter vivos* trust over which the Supreme Court has sole jurisdiction. (*Matter of Runk*, 200 N. Y. 447; Surr. Ct. Act, §§ 40, subd. 3, 171; *Matter of Crosby*, 136 Misc. Rep. 688; *Matter of Rosenblum*, 146 Misc. Rep. 537; *Matter of Meehan*, 104 Misc. Rep. 219; *Matter of Miller*, 257 N. Y. 349.)

*John T. Norton* for Franklin V. Canning et al., appellants. The Surrogate's Court was without jurisdiction to entertain the proceeding. (Surr. Ct. Act, § 171; *Matter of Crosby*, 136 Misc. Rep. 688; *Matter of Meehan*,

104 Misc. Rep. 219; *Matter of Rosenblum*, 147 Misc. Rep. 537; *Matter of Miller*, 257 N. Y. 349; *Matter of Higgins*, 264 N. Y. 226; Cons. Laws, ch. 41, § 20; Cons. Laws, ch. 50, § 111.)

*Frederick E. Draper*, as special guardian for Cora M. Canning et al., infants, appellants. The alleged trust is a non-testamentary trust. Upon the death of the alleged trustee, the trust, if unexecuted, vested in the Supreme Court. The Surrogate's Court has jurisdiction neither to appoint successor trustees thereof, nor to compel or entertain an accounting thereon. (*Hascall* v. *King*, 162 N. Y. 134; *Matter of Meehan*, 104 Misc. Rep. 219; *Matter of Miller*, 257 N. Y. 349; Cons. Laws, ch. 41, § 20; Cons. Laws, ch. 50, § 111; *Matter of Runk*, 200 N. Y. 447; *Matter of Crosby*, 136 Misc. Rep. 688; *Matter of Rosenblum*, 146 Misc. Rep. 537; *Matter of Higgins*, 264 N. Y. 226.)

*Frank L. Wiswall* and *A. Kendall Roberts* for respondents. The Surrogate's Court has full jurisdiction to hear and determine the issues herein. (*Matter of Haigh*, 125 Misc. Rep. 365; Surr. Ct. Act, § 40, subd. 3; *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Enright*, 149 Misc. Rep. 353; *Matter of Heinze*, 224 N. Y. 1; *Matter of Hyams*, 237 N. Y. 211; *Matter of Akin*, 248 N. Y. 202; *Matter of Wilson*, 252 N. Y. 155; *Matter of Seaman*, 205 App. Div. 681; *Matter of Van Buren* v. *Estate of Decker*, 204 App. Div. 138.)

O'BRIEN, J. In July, 1911, Alice Lafflin and her daughter, Nellie Lyon, entered into a written agreement which they declared binding upon and applicable to the heirs, executors, administrators and assigns of both parties. By this instrument Mrs. Lafflin agreed to convey to Mrs. Lyon all her real property. Mrs. Lyon agreed to advance the sum of $10,000 in order to relieve her mother's financial pressure and to effect a discontinuance of foreclosure actions then pending, and to execute a declaration of trust to the effect that she would take title to this realty

for the use and benefit of her mother. She also agreed to retransfer to her mother such of the properties as remained unsold as soon as the mortgages should be reduced to a certain sum.

Mrs. Lafflin died intestate in 1916, a resident of Niagara county, leaving as her only heirs at law and next of kin her daughter, Nellie Lyon, her son, William H. Moran, and her grandson, Frederick M. Nielson. The petitioners, respondents herein, are Frederick M. Nielson and Mary E. Moran, widow of and sole devisee and legatee of William H. Moran. Mrs. Lyon died in 1933, a resident of Rensselaer county, and two of her executors and others are the appellants.

The respondents in their petition allege that certain specified parcels of real estate were conveyed by Alice Lafflin to Nellie Lyon and held by her in trust for Alice Lafflin and her heirs; that all except one parcel were sold by Nellie Lyon to various purchasers for net proceeds amounting to more than $250,000, and that Nellie Lyon neither as trustee nor individually has ever rendered an account for the property held in trust except the sum of $15,000 paid by her to William H. Moran. The petitioners also demand that the executors of Nellie Lyon show cause why they should not render and settle their accounts of the proceedings of Nellie Lyon as trustee and pay over and distribute the corpus of the trust in the proportion of one-third to the estate of Nellie Lyon, one-third to Frederick M. Nielson and one-third, less the sum of $15,000, to Mary E. Moran. The Surrogate decreed that he is without jurisdiction to hear and determine the claims of the petitioners, but, by a divided court, the Appellate Division reversed the decree and remitted the proceeding to the Surrogate.

Since the trust is not testamentary, the sole issue of law presented on this appeal relates to the jurisdiction of the Surrogate's Court respecting a trust *inter vivos*. The essential point is whether the transactions concerning the

property in the possession of Nellie Lyon during her life as trustee constitute "matters relating to the affairs of a decedent." If they do, the provisions of section 40 of the Surrogate's Court Act, as amended by Laws of 1921, chapter 439, and Laws of 1924, chapter 100, confer the broadest jurisdiction upon the Surrogate. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67.) The trust agreement annexed to the petition is alleged to be and is proved by its own terms to be a trust *inter vivos*. The theory of the petitioners is that the corpus was not the property of the decedent and that the executors of Nellie Lyon have no equitable title to it. The necessary inference to be drawn from petitioners' pleading is that decedent herself never had any equitable title, held the property merely as trustee and that it never formed any part of her estate. Whatever title she may have had, according to the allegations of the petition, was not derived from a will or through intestacy of any person whose estate can be administered by the Surrogate's Court of Rensselaer county and, as an individual, she never had any title. The transactions between Nellie Lyon and Alice Lafflin consisted of affairs concerning a trustee and a *cestui que trust* and cannot be regarded as affairs of decedent Nellie Lyon. (See *Matter of Haedrich*, 256 N. Y. 608.) They are, according to the petition, affairs of a trust *inter vivos*. After the trustee died, the only forum in which her successor could be appointed was the Supreme Court. (Pers. Prop. Law, § 20 [Cons. Laws, ch. 41]; Real Prop. Law, § 111 [Cons. Laws, ch. 50].) Although appellants deny the existence of a trust and allege an outright gift of the property by the mother to the daughter, the allegations on the face of the petition respecting the creation of a trust *inter vivos* may, for the purpose at least of deciding the question of jurisdiction in the Surrogate to hear and determine, be taken as true. Conceding that the specific powers conferred by section 40 of the Surrogate's Court Act

are in addition to and without limitation or restriction on the powers that are general (*Matter of Raymond* v. *Davis, supra*), the provisions of section 257 of the Surrogate's Court Act (amd. Laws of 1926, ch. 669) and section 171 of the Surrogate's Court Act (amd. Laws of 1930, ch. 174; Laws of 1934, ch. 172), expressly vesting the Surrogate's Court with jurisdiction over testamentary trusts and trustees and preserving silence in respect to trusts *inter vivos*, when read in connection with the general powers granted by section 40 relating to the limited subject of " affairs of decedents " and the restrictive powers over " testamentary trustees " (Subd. 3), must be taken as clear evidence of a legislative purpose to exclude jurisdiction in the Surrogate to determine the effect of a trust agreement between living persons. Forceful reasoning by judicial officers, learned in matters within their jurisdiction, delivered subsequent to our decision in *Matter of Raymond* v. *Davis* (*supra*) and in harmony with it, lends strong support to this conclusion and merits approval. (*Matter of Crosby*, 136 Misc. Rep. 688; *Matter of Rosenblum*, 146 Misc. Rep. 537.) Mere possession of the fund derived from a trust agreement *inter vivos* by executors of one of the parties to that instrument cannot lead to an inference of a legislative intent to confer jurisdiction upon the Surrogate to adjudge the rights of persons claiming to be beneficiaries under it. The different sections of this statute must be read together in order to ascertain its purpose. (*Matter of Higgins*, 264 N. Y. 226.) Here we have the case of a person who is alleged by the petitioners to have held property only in an official and representative capacity. The affairs of this person as trustee were never subject to the supervision of a Surrogate but always, before and after her death, they were within the jurisdiction of the Supreme Court. During the life of the trustee that tribunal alone exercised control and at her death the trust vested solely in it.

Concluding, as we must, that the allegations of the petition negative the idea of the existence of any affairs of a decedent in respect to this trust which the petitioners expressly set forth, the conclusion follows that the order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in the Appellate Division and in this court payable out of the estate. The certified questions should be answered in the negative.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.