In the Matter of the Estate of JEREMIAH SWEENEY, Deceased.

Surrogate's Court, Westchester County, May 8, 1935.

*Adrian M. Potter*, for the petitioner.

*David Gorfinkel*, for Bryan Sweeney, an administrator.

*Francis J. Duffy*, for the Central National Bank of Yonkers and another, administrators.

SLATER, S. Jeremiah Sweeney died intestate, leaving eight brothers and sisters as distributees. Letters of administration were issued October 31, 1934.

This is a proceeding brought by Ellen McGeory and also by William Sweeney, a sister and a brother of the decedent. The petition of Ellen McGeory claims that she is entitled to thirty-seven shares of the capital stock of the Yonkers National Bank and Trust Company, marked as Certificate No. P 2323, " Jeremiah J. Sweeney, in Trust for Ellen McGeory;" that the said certificate of stock is in the possession of the administrators of the decedent, and they refuse to deliver the same to the petitioner.

The petitioner, William Sweeney, claims he is entitled to possession of certain moneys on deposit in the Yonkers National Bank and Trust Company, held in a trust created by the decedent for said William Sweeney.

William Sweeney also claims seventy shares of the capital stock of the Yonkers Building and Loan Association, certificate No. 6243, made out " Jeremiah J. Sweeney, in trust for William Sweeney: " that said certificate is now in the possession of the administrators who refuse to deliver it to the petitioner.

A question of the court's jurisdiction has been raised in view of *Matter of Lyon* (266 N. Y. 219 [Feb. 1935]). In the *Lyon* case the court said the trust was not testamentary, the essential point being whether the transactions concerning the property in the possession of Nellie Lyon during her life as trustee constituted " matters relating to the affairs of a decedent." The court said that, if they did, the provisions of section 40 of the Surrogate's Court Act, as amended, conferred the broadest jurisdiction upon the surrogate. In the *Lyon* case the court held that the decedent herself never had any equitable title, held the property merely as trustee, and it had never formed any part of her estate; that the transactions between Nellie Lyon and Alice Lafflin consisted of affairs concerning a trustee and a *cestui que trust* and cannot be regarded as affairs of decedent Nellie Lyon; that they were, according to the petition, affairs of a trust *inter vivos;* that the only forum in which her successor could be appointed was the Supreme Court.

The facts of the instant case are not similar to those in *Matter of Lyon (supra)*. Here the property was in the possession of the decedent until a few days before he died. The proof is that the certificates were given to the beneficiaries by the decedent a few days before his death. The certificates are now in the possession of his administrators and the claim is made by some of his distributees that a good and valid gift, or declaration of trust, was not made. Consequently, we are here dealing with matters relating

to the " affairs of a decedent " which do not fall within the rule of law laid down in *Matter of Lyon (supra)*, or as laid down in *Matter of Crosby* (136 Misc. 688); *Matter of Rosenblum* (146 id. 537).

The court will assume jurisdiction in the instant proceeding.

The purposes for which trusts of personal property may be created are not defined or limited by statute. If a party has declared himself to be a trustee, the beneficial interest in the property becomes vested in a *cestui que trust* without further action, and the *cestui que trust* may enforce his rights. If the trust is perfectly created so that the donor has nothing more to do, the person seeking to enforce it has need of no further conveyance and nothing is required of the court but to give effect to the trust as an executed trust. This is true, although the person who is intended to be benefited had no knowledge of the act at the time it was done. (1 Perry Trusts, §§ 96, 98; 1 Jessup-Redf. [1930 ed.] §§ 480, 486; *Martin* v. *Funk*, 75 N. Y. 134, 142; *Young* v. *Young*, 80 id. 422, 439.)

Delivery may be proved by admissions that the property belongs to another. While a transfer of the property to a trustee for the purposes of the settlement may be the surest way to create a trust, yet the same result will be accomplished if the owner declares that he himself holds the property in trust for the person designated. The trust may even be created by parol. Here we have the declaration of the decedent that he makes himself the trustee, but the declaration varies with the circumstances of each case. Such declaration implies commencement of an act performed, not a mere intention. (*Matter of Brown*, 252 N. Y. 366, 374, 375; *Matter of Brunswick*, 143 Misc. 573, 578, 579, 580; *Matter of Brady*, 228 App. Div. 56, 60.)

Sections 92 and 93 of the Real Property Law provide that every person who, by virtue of any grant or assignment, is entitled both to possession, and to receipt of profits shall be deemed to have a legal estate therein of the same equality and duration as his beneficial interest, and in every disposition of real property, if made to any person for the use of, or in trust for, another, no estate or interest, legal or equitable, vests in the trustee. It becomes a passive or dry trust. (*McKenna* v. *Meehan*, 248 N. Y. 206, 213; *Hodgman* v. *Cobb*, 202 App. Div. 259; *Matter of Gambrill*, 135 Misc. 516.) These sections are applicable to personal property. (*Matter of De Rycke*, 99 App. Div. 596; *Ullman* v. *Cameron*, 92 id. 91.)

A case upon similar facts is *Matter of Leibowitz* (144 Misc. 611). (See *Woodside Presbyterian Church* v. *Burden*, 240 App. Div. 43, 47; appeal dismissed, 264 N. Y. 690.)

I hold there was a valid declaration of trust in favor. of each of the petitioners. The affirmative act of the decedent creating the trusts and his acceptance of them as trustee is consistent with an intention on his part to create a trust.

I further hold that the certificates in question are the property of the respective petitioners. The administrators will be directed to deliver certificate No. P 2323 to Ellen McGeory, and certificate No. 6243 to William Sweeney.

The bank book showing a deposit in the Yonkers National Bank and Trust Company by the decedent in trust for William Sweeney is to be turned over to the said William Sweeney by the administrators or their counsel, whoever may have possession of it.

Submit order.