In the Matter of the Estate of MARGARET C. COYLE, Deceased.

Surrogate's Court, New York County, March 12, 1951.

*Paul F. Diggins* for Anna V. Plunkett and another, as executrices of Margaret C. Coyle, deceased, petitioners.

*Herman Brasch* and *Louis E. Fishbach* for Francis R. Decker, as administrator of the estate of Mary F. Cannon, deceased, respondent.

FRANKENTHALER, S. The testatrix executed her will on November 29, 1944. Shortly prior to that date she had opened savings bank accounts in trust for each of her four sisters with balances amounting to $5,033.21, $5,029.96, $5,036.54 and $2,784.64, respectively. As the account for the benefit of her sister, Anna V. Plunkett, had a balance of only $2,784.64, the testatrix had placed Mrs. Plunkett on a parity with the others by designating her as beneficiary of a life insurance policy, the proceeds of which amounted to $2,280.80, making a total of $5,065.44. In her will the accounts were specifically bequeathed by number and description to the same beneficiaries. On June 16, 1945, the testatrix executed a trust indenture assigning to her sister Anna V. Plunkett all of her property, including the aforementioned bank accounts, to apply the income and principal thereof for the use and benefit of the settlor for life with the remainder passing as provided in the will of November 29, 1944. The trustee took possession of the funds and administered them in accordance with the terms of the indenture until the settlor's death on June 2, 1949. In the process, however, she resorted almost exclusively to the account in the name of Mary Cannon to supplement other funds used for the support of the testatrix, withdrawing $1,700 therefrom while making no withdrawals except of accrued interest from the accounts for herself and for her other sisters, Hannah Campion and Josephine V. Purcell. No accounting for the trust has ever been rendered.

The trustee of the *inter vivos* trust is here accounting as coexecutrix of the estate of deceased and proposes to pay over in satisfaction of the specific bequest to Mary Cannon the balance remaining after the withdrawals described. Mrs. Cannon died subsequent to the testatrix and the administrator of her estate has appeared in this proceeding and has filed objections to the account alleging that the terms of the trust were violated in that all of the accounts were not drawn upon equally to meet the expenses of maintaining the testatrix during her lifetime. He seeks a decree which will balance the bequests to the sisters on the parity which he asserts the will requires.

Jurisdiction to decide the issue framed by the objections resides in the court by reason of its authority to exercise all powers necessary to a complete determination of matters properly before it (*Matter of O'Flyn*, 174 Misc. 1025; *Matter of Sexton*, 182 Misc. 986). " To determine whether or not the executrix has accounted for all the assets it is necessary to first construe the *inter vivos* trusts. The matter relates to this decedent's affairs and I have complete jurisdiction to make such construction." (*Matter of McCoy*, 157 Misc. 281, 287 [HENDERSON, S.], citing Surrogate's Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 71; *Matter of Lyon*, 266 N. Y. 219, 223.)

That none of her sisters was intended by the testatrix to benefit from her bounty to the exclusion or at the expense of the others is manifested in the creation of the savings bank trusts and the designation of Mrs. Plunkett as the beneficiary of the life insurance policy. These are circumstances surrounding the deceased at the time of the execution of her will which guide the search for her purpose (*Matter of Smith*, 254 N. Y. 283; *Matter of Ittelson*, 197 Misc. 786). As she of her own volition did nothing during the balance of her lifetime which disturbed the initial equality of the legacies, the question becomes one of whether the trustee wrongfully exceeded the authority permitted under the indenture by preserving the funds left to her other sisters and herself intact at the expense of the account bequeathed to the objectant's intestate.

It is a rule of general acceptance that a trustee for different beneficiaries is required to administer the trust for their benefit impartially whether their interests run simultaneously or successively (2 Scott on Trusts, § 183; Restatement, Trusts, §§ 183, 232; *Redfield* v. *Critchley*, 252 App. Div. 568, affd. 277 N. Y. 336). Particularly is this true of trusts in which the trustee has a beneficial interest (*Matter of Peabody*, 198 Misc.

505, 513, affd. 277 App. Div. 905; *Matter of Watson*, 213 N. Y. 177, 183; Scott, *op. cit.*). That the remainder interests passed as legacies under the will presents no difficulty in the way of the rule's application to the facts of this case for the duty owed by the trustee to each of the remaindermen was identical. The indenture made available to the trustee for the maintenance of the settlor all of the property of which the latter was possessed. However, the discretion given to the trustee was a discretion as to *amount* of invasion only; nothing contained therein sanctioned discrimination as to the *source* of such an invasion. In the absence of such provision, the trustee remained under a duty to act impartially as between the interests of the several beneficiaries. The objections are accordingly sustained.

Submit decree on notice.