Jacob Markowitz, J.
This is a motion "by defendants, Kerrigan and Clarence J. Shearn, Jr., for an order pursuant to section 190-a of the Civil Practice Act removing this action to the Surrogate’s Court of "Westchester County for trial. The action was brought by plaintiff under article 15 of the Real Property Law to determine her claim to the sole ownership of a certain piece of real property located in Manhattan at 13 East 69th Street. The record owner of the property in question is Clarence J. Shearn, plaintiff’s husband, now deceased, and whose estate is being administered in Westchester County, of which decedent was a resident at his death.
*225 It further appears that plaintiff herein is a coexecutor with the defendant, Lord, of the estate of said Clarence J. Shearn. On October 6, 1955, said coexecutor, Lord, petitioned the Surrogate’s Court of Westchester County for leave to resign as such and to settle his final account. In that proceeding the defendants herein, Kerrigan and Clarence J. Shearn, Jr., who are residuary legatees under the decedent’s will, have cross-petitioned, asking for the removal of plaintiff herein as coexecutor for various reasons. In the Surrogate’s Court proceeding the real property in question is listed in the account as an asset of the estate and the plaintiff herein is charged therein with acts of mismanagement and non-co-operation with respect to such property. It is also to be noted that plaintiff did not join in the petition of her coexecutor instituting that proceeding, nor did she adopt his account. Instead she filed an answer thereto containing certain objections to the account, including the claim that the afore-described real property, the subject of this action, was not an asset of the estate but belonged to her, having been given to her during decedent’s life. It also is alleged by defendants that the personalty of the Shearn estate is not sufficient to pay the debts and administration expenses of that estate and it will be necessary to sell real property included in the residuary estate for that purpose and that the premises here involved are part of the residuary estate.
The action was instituted against all defendants other than plaintiff (who is also specified as a defendant) on or about December 19, 1955. Plaintiff also claims that she served a summons in this action on herself, in her representative capacity, on September 2, 1955, thus antedating in point of time the institution of the accounting proceeding by her coexecutor. The answers of the various defendants (except the plaintiff, in her representative capacity, who has not appeared or answered as such) put at issue plaintiff’s claim of title to the property and set up various defenses including laches, waiver and estoppel by reason of her various acts and her capacity as an executor.
On or about June 15, 1956, based upon an application by defendants herein, Kerrigan and Clarence J. Shearn, Jr., the Surrogate of Westchester County, entered an order as required by section 190-a of the Civil Practice Act, consenting to the transfer of the within action to his court for trial. The basis for his order is set forth in his opinion (16 Mise 2d 238), which states at length the facts and the law upon which he relies for his determination that the action is properly transferable to the Surrogate’s Court.
*226 The moving parties in support of this application urge in substance: that this case clearly falls within the purview of section 190-a of the Civil Practice Act; that the Surrogate’s Court has jurisdiction to try the action even though it will decide title to real property in another county, by reason of the fact that the determination of the title is a requisite to the adjudication of other matters before it for determination; that it is settled policy to concentrate matters relating to decedent’s estates in the respective Surrogate’s Court having jurisdiction of such estate so as to obviate duplication of trial and expense.
The plaintiff contends in opposition: that since the sole issue involved is that of title to real property, it must be tried in the county where such property is situate (Civ. Prac. Act, § 183) and that this therefore is not the kind of action intended to be transferred within the scope of section 190-a. It is also urged that the case will be tried just as promptly here as in the Surrogate’s Court.
There is no question that the primary issue present in this action is that of the actual ownership of premises 13 Bast 69th Street, Manhattan. The dispute clearly is between plaintiff and the estate of decedent. In my opinion the determination of that question is inextricably interwoven with the administration of the estate in that no final disposition can be made with regard to the account attempted to be settled by the defendant, Lord, until it is decided whether the estate is the - owner of the property or not. Obviously, until it is known whether the property belongs to the estate, the Surrogate’s Court is in no position to make a decree with respect to its disposition since the moving parties assert that as part of the residuary it will have to be sold to pay debts and administration expenses. This matter clearly constitutes a matter relating to the affairs of a decedent as referred to in section 40 of the Surrogate’s Court Act. In such a case the Court of Appeals has held that the “ broadest jurisdiction ” is conferred upon the Surrogate (Matter of Lyon, 266 N. Y. 219, 223). That jurisdiction has been construed to include the right to determine ownership of real property even where located in another county where such a determination is necessary before other required decisions may be made. (Matter of Poth, 155 Misc. 116, 120, 121, affd. 246 App. Div. 522.) It has also been held that the Surrogate’s Court “ has jurisdiction in an accounting proceeding to determine the title to real property standing in the name of the decedent.” (Matter of Arrington, 200 Mise. 72, 74 and cases cited therein.) It is obvious that the question of the ownership
*227 of title to the property which is the subject of this action, bears directly upon the accounting proceeding now pending in the Surrogate’s Court, in which proceeding plaintiff by her answer and objections has raised the same issue and which issue clearly must be determined before a decree settling the account can be made. Wherever possible all matters affecting the administration of estates should be concentrated in the Surrogate’s Court. (Matter of Katz, 192 Misc. 537.) The fact that this case seeks equitable relief does not preclude transfer to the Surrogate’s Court. (Vormbaum v. Murrow, 118 N. Y. S. 2d 341, 342; Levine v. Farber, 81 N. Y. S. 2d 20.) It also appears that a prompt trial of all the issues in the Surrogate’s Court has been provided for. Under all the circumstances this case is a proper one for removal to the Surrogate’s Court and the right to a jury trial, if any, shall be preserved. The motion is accordingly granted.
Settle order.