Edgab F. Hazleton, S.
The Chase Manhattan Bank as trustee under an inter vivos trust dated September 28, 1948 executed by the decedent moved to dismiss a joint petition herein by the executor and by the sole legatee under the decedent’s will for a construction of said will. The motion to dismiss is grounded on the premise that the construction proceeding involves, in part, the construction of an inter vivos trust and, to that extent, this court lacks jurisdiction of the subject matter under the doctrine enunciated in Matter of Lyon (266 N. Y. 219) and Matter of Crosby (136 Misc. 688). Bruce S. Lachlan, Jr., an interested respondent herein, also moved for dismissal of the construction petition on similar grounds.
The executor and the alleged sole legatee seek a construction of the will. It appears from the petition that the decedent married Bruce S. Lachlan, Jr. in 1937; that she created on or about September, 1948, an inter vivos trust hereafter discussed *81 in which her then husband had an interest under certain contingencies ; that the decedent obtained an absolute decree of divorce from Lachlan on October 24, 1955.
The petition also alleges that on October 8, 1955, the decedent executed a new will revoking an earlier will dated June 30, 1938 whereunder said Lachlan was left the entire estate. Under the 1955 will, executed shortly prior to the divorce decree, the decedent left nothing to Lachlan and willed the entire estate to decedent’s daughter, Patricia. A copy of said will was filed with the trustee on June 9,1958.
The trust indenture of 1948 provided that the income was to be paid to decedent during her lifetime and, after her death, to her then husband, Lachlan, for his life and, upon the death of the decedent and her husband, the principal was to be paid to the issue of the decedent herein. As noted, the husband is alive and a party hereto.
The indenture also provided: Eleventh : The Grantor reserves the right at any time or from time to time, without the consent of any person and without notice to any person other than the Trustee, to revoke the trust hereby created in whole or in part and to change the terms or beneficiaries hereof, by filing written notice of such revocation and/or change with the Trustee.”
Paragraph “ second ” of the will provided: “ Second: After the payment of my just debts, funeral and administration expenses, all the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and description and wheresoever situated, of which I may die seized or possessed, or to which I may be in any way entitled at the time of my death, or over which I may have any power of appointment, by will or otherwise, I give, devise and bequeath to my daughter, patricia ladew Kennedy, of New York City, New York, absolutely and forever.”
The petition for construction also alleges that the executor herein duly demanded, on July 18, 1958, the inter vivos trustee to turn over to him the principal and accumulated income of the trust as such executor on theory that the provisions of the residuary clause of the will, quoted above, operated as a revocation of the trust or constituted a designation of the estate as its new beneficiary of principal and income to the exclusion of the ex-husband of decedent. The trustee refused to honor the request of the executor, who thereupon sought a construction of the scope and effect of the residuary clause of the will.
Prom the foregoing, it is clear that if the contentions of the executor are ultimately sustained, the corpus of the trust will *82 become part of the assets of this estate. While it may be conceded that a proper interpretation of the scope and effect of the residuary clause will also involve a construction of the legal effect of the revocation clause of the inter vivos trust, I am inclined to the view that the impact of the latter construction is merely incidental to the construction of the residuary clause in the will. As such and in the context of the facts here presented, the cited decisions of Matter of Lyon (266 N. Y. 219, supra) and Matter of Crosby (136 Misc. 688, supra), are not, in my view, controlling.
I have carefully reviewed, in light of the judicial precedents urged by the interested parties, my prior opinion in Matter of Bourne (4 Misc 2d 610) dealing with an analogous problem as to the jurisdictional argument here made. There, jurisdiction was entertained to construe an inter vivos trust on the question of whether such trust was void against assignee creditors of a remainderman under a testamentary trust. As a result of such review, I am constrained to hold here, as there, that I have the requisite jurisdiction to construe the residuary clause of the will here and that, to the extent necessary for a full and complete adjudication of that controversy affecting the affairs of the decedent, to construe or adjudicate claimed rights under the inter vivos trust as an incident to the main construction proceeding.
In Matter of Coyle (200 Mise. 421) Surrogate Fbahkeuthaleb decided a similar jurisdictional argument. There the trustee of the inter vivos trusts was accounting as coexecutrix of the testatrix’ estate. The court held it had jurisdiction, by reason of its authority to exercise all powers necessary to a complete determination of all matters properly before it, to determine whether the coexecutrix has accounted for all assets of the estate even though it was necessary first to construe the inter vivos trust to resolve the main issue. (See, also, Matter of Bierschenk, 136 N. Y. S. 2d 917; Shearn v. Lord, 16 Misc 2d 224.)
Matter of Crosby (136 Misc. 688) is relied upon heavily by the moving parties herein. I agree with counsel for the executor here that the force or vitality of Crosby, to the extent here applicable, is dissipated by the affirmance (by a divided court) in Matter of Goodrich (272 App. Div. 967 [3d Dept.]) of a holding of jurisdiction in the Surrogate’s Court to determine the validity of deeds and its unanimous affirmance (298 N. Y. 734). There the dissenters cited and relied upon Crosby in support of their view that the Surrogate’s Court lacked jurisdiction to decide whether the deeds to certain real estate constituted valid inter vivos gifts.
*83 Matter of Lyon (266 N. Y. 219) also relied upon by the moving parties, is not apposite to the facts here presented. There, a mother and daughter entered into a written agreement whereunder the mother transferred real property to the daughter which the latter agreed to hold for the use and benefit of the mother. First the mother and then the daughter died without an accounting as to the property so held in trust and our Court of Appeals held that a proceeding may not be maintained in the Surrogate’s Court to compel the executors of the daughter to account for her proceedings as trustee and that during- the life of the trustee, the Supreme Court alone could exercise control over her acts as such, and at her death the trust vested solely in that court.
In Matter of Bausch (270 App. Div. 418, 426 [4th Dept.]) the court explained the rationale and scope of Lyon in the following language *. “ it seems quite evident that even though, in one sense, the trust created may be said to be an inter vivos one, still it smacks of a testamentary one * * * It [the Lyon case] was there held that section 40 of the Surrogate’s Court Act gave no jurisdiction to the Surrogate’s Court of the county in which the daughter’s will was probated to entertain an application made by two distributees of the mother’s estate to compel the executors of the daughter’s estate to account for the daughter’s conduct as trustee under the agreement made by the mother with the daughter. The basic reason for the decision was that the mother’s property was never held by the daughter in any capacity other than as trustee, so that, on the daughter’s death, the trust estate did not become any part of the daughter’s estate. The transactions involved were considered solely the affairs concerning a trustee and a cestui que trust, and not in any sense the affairs of a decedent within the meaning of section 40 of the Surrogate’s Court Act. The essence of the decision is found in the last paragraph of the opinion which states ‘ that the allegations of the petition negative the idea of the existence of any affairs of a decedent in respect to this trust which the petitioners expressly set forth. ’ ”
In my view, the holding in Lyon should and will be limited to its facts to the end that, consistent with statutory grants of jurisdiction to the Surrogate’s Courts, circuity of action by litigants may be avoided or minimized. In a broad review of such legislative grants to the Surrogate’s Court, a clear pattern is discernible by the Legislature to invest these courts with ample jurisdiction to finally resolve, in one forum controversies affecting decedents’ estates. Considerations of public policy, of economy and expedition of judicial administration and of *84 the cost to litigants of multiple proceedings in different forums dictate that the grants of jurisdiction by the Legislature, with their beneficent objectives, should not be narrowed by judicial opinion. (Matter of Raymond v. Davis, 248 N. Y. 67.) In light of these considerations, the Supreme Court itself has substantially tended to decline jurisdiction in matters vitally affecting decedents’ estates and has remitted such matters to the Surrogate’s Court for complete disposition of such controversies. (Matter of Bausch, 270 App. Div. 418, supra; Shearn v. Lord, 16 Misc 2d 224, supra; 11 Carmody-Wait, New York Practice, § 93.)
While the ruling in Lyon on its facts is to be enforced until modified by subsequent legislation or by later rulings of our Court of Appeals, it should not be expanded by courts of subordinate jurisdiction. Because of changes in the Federal income and ■ estate tax law, it is evident that the use of inter vivos trusts as part of estate planning is increasing and will continue to do so. Inevitably this will lead to more frequent contact by the Surrogate’s Courts with such inter vivos trusts as an integral part of deliberate testamentary plans of decedents. For example, certain of these trusts are includible in the taxable estate for estate tax purposes and problems of apportionment of such taxes under section 124 of the Decedent Estate Law have to be dealt with. (Cf. Matter of Slade, 4 Misc 2d 616.) To push Lyon to the point of asserting that the Surrogate’s Courts lack jurisdiction to incidentally deal with inter vivos trusts in order to reach and resolve problems vitally affecting the affairs of a decedent or his estate would produce undesirable consequences, both to the courts and to the litigants. My reading of Lyon does not impel such results on the facts here presented.
■ Here the estate has a substantial stake in the construction of the residuary clause. If it were ultimately to be held that •the language of such clause was a legal revocation of the trust, the corpus of the latter would form part of this estate. Such a contention clearly invokes properly the jurisdiction of this court although incidentally affecting an inter vivos trust. The mere fact that other possible issues are or may be presented ought not, in limine, oust the court of proper jurisdiction. By entertaining jurisdiction here, a complete disposition can be ma.de of all of the controversies and, if any party feels aggrieved, an appeal then would bring the entire matter before the appellate court. Such a holding will eliminate the necessity to conduct separate proceedings in the Supreme Court and here with consequent benefits to the litigants and to the courts and would be more consonant with the spirit and express provisions of the *85 Civil Practice Act in expediting litigation, in avoiding multiple actions and in reducing costs to litigants.
In Matter of Bourne (4 Misc 2d 610, 612, supra) I held, as noted above, that the Surrogate’s Court had jurisdiction of controversies incidentally affecting an inter vivos trust, stating, in part: “ Upon the challenge to the jurisdiction of this court to determine the validity and priority of the assignments, I believe that this court has such jurisdiction notwithstanding the necessity of construing an inter vivos trust as a collateral matter. The classic jurisdictional tests are: Does the issue relate to the affairs of the decedent? Does it concern parties to the proceeding? Is decision thereon necessary for complete disposition of the subject matter?”
Upon reconsideration of that opinion, I am of the view that it was correctly decided and that it is applicable to the facts here presented. It might be noted that I am passing only on the issue of jurisdiction and nothing herein should be construed as either a ruling or an indication of any ruling on the merits of the controversy.
The motions to dismiss are denied. The moving parties are granted 20 days to file answers to the construction petition, said time to commence after service upon them of a copy of an order to be entered hereon with notice of entry thereof.
Settle order on three days’ notice.