■ In the Matter of the Construction of the Will of HAPPIE B. LACHLAN, Deceased. BRUCE S. LACHLAN, JR., et al., Appellants; HERBERT A. BEDFORD,

as Executor of HAPPIE B. LACHLAN, et al., Respondents.— In a proceeding for the construction of a will, the appeal is from an order of the Surrogate's Court, Suffolk County, denying appellants' motions, under subdivision 1 of rule 106 of the Rules of Civil Practice, to dismiss the petition on the ground that the court is without jurisdiction of the subject matter. The decedent and appellant bank entered into a trust agreement under which, so far as here pertinent, decedent delivered property to the bank, as trustee, to pay the income therefrom to her for life, thereafter to her husband, an appellant herein, and upon the death of the survivor to pay the principal to described remaindermen. The trust could be changed or revoked by the settlor at any time upon giving written notice to the trustee only. The trust instrument does not state any reservation authorizing change or revocation of the trust by will. Subsequently, and on October 8, 1955, decedent made her will wherein the residuary disposition includes the residuary estate "over which I may have any power of appointment, by will or otherwise". On October 24, 1955 she divorced her husband. No written notice of revocation or change of the trust was given to the trustee during the settlor's lifetime. A copy of her will was served upon the trustee after her death. Respondents are the executor and the residuary legatee. The latter is also qualified to take the remainder under the trust agreement. They petitioned the Surrogate's Court for a construction of the will. They contend that during her lifetime the settlor, by the act of making her will, effectively revoked or changed the trust, and that there was an express reservation of such right in the trust instrument. The Surrogate held that the petition treats with the "affairs of the decedent" (Surrogate's Ct. Act, § 40), and that the Surrogate may construe the trust instrument as an incident to the administration of justice in relation to the decedent's affairs. He denied the motions to dismiss for lack of jurisdiction. Order reversed, with $10 costs and disbursements to all parties filing separate briefs, payable out of the estate, and motions granted, without prejudice to a proper action in the Supreme Court or other authorized forum. The record establishes that the transactions sought to be litigated are the affairs of living persons, of which the Surrogate has no jurisdiction. The legal effect of the will upon the *inter vivos* trust may not be determined by means of a construction of the will by the Surrogate. The question is for the Supreme Court. (*Matter of Crosby*, 136 Misc. 688; *Matter of Lyon*, 266 N. Y. 219.) Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur. [16 Misc 2d 80.]