◼ In the Matter of the Appointment of a Conservator of the Property of OGDEN C. NOEL, SR. GEORGE S. STEELE et al., Appellants. OGDEN C. NOEL, JR., Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered April 26, 1982 in Albany County, which, in a proceeding pursuant to article 77 of the Mental Hygiene Law, denied petitioners' applica-

tion to be appointed conservators of the property of Ogden C. Noel, Sr., and granted cross petitioner's application to appoint the conservatee's sister as conservator. The need for a conservator for Ogden C. Noel, Sr., who is 84 years old, in failing health and a man of means, is clearly established; at issue is who should be designated. Petitioners, daughter and son-in-law of the conservatee, seek the appointment. Cross petitioner, the remaining son of the conservatee, wishes to have conservatee's sister, Florence Noel Hodgkins, named. Evidence of long-standing familial dissension between petitioner Valerie Noel Steele and cross petitioner, both prospective heirs of their father's estate, concerning the claimed mismanagement of the conservatee's property and affairs by the latter's oldest son during his lifetime, permeates the record. Under these circumstances, the decision to appoint Mrs. Hodgkins can hardly be termed an abuse of discretion. Indeed, the parties are fortunate that a knowledgeable family member could be found to perform the task; rancor between family members often begets the appointment of strangers (see *Matter of West,* 13 AD2d 599). Though she is 87 years of age and has recently undergone major surgery, Mrs. Hodgkins is amply qualified to perform the duties of conservator in co-operation with a bank which will act as custodian of the conservatee's assets and provide investment advice. Having done "wonderfully" with her own investments and having served as executrix of several estates, as administratrix of her sister's estate and currently as a cotrustee with a New Jersey bank overseeing two trust funds, she obviously has considerable relevant experience. These facts, when considered along with Mrs. Hodgkins' close relationship with her brother and the complete absence of any conflict of interest on her part, lead to the conclusion that she was the appropriate choice for conservator (*Matter of Lyon,* 52 AD2d 847, affd 41 NY2d 1056). Inasmuch as the cross petitioner is clearly a "petitioner" within the meaning of subdivision d of section 77.07 of the Mental Hygiene Law, the allowance to him of attorneys' fees was proper, and the amount thereof was reasonable. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.