OPINION OF THE COURT
Daniel F. Luciano, J.
In this proceeding commenced pursuant to article 81 of the Mental Hygiene Law for the appointment of a guardian, the petitioners, Kathleen Staiano and Joel Ulino, seek the appointment of a guardian for the alleged incapacitated person, Josephine D. Staiano.
In the order to show cause pursuant to which this proceeding was commenced, the court appointed Perry S. Reich, Esq., as the Court Evaluator.
Subsequently, the court determined that in order to better serve the interests of the alleged incapacitated person, Josephine D. Staiano, it would be appropriate to appoint the said Perry S. Reich, Esq., as counsel for her in accordance with section 81.10 of the Mental Hygiene Law, and such appointment was made.
Thereafter, a cross petition seeking the appointment of a guardian for Josephine D. Staiano was filed by her husband, Peter Staiano.
*496 This cross petition was not served on the alleged incapacitated person directly, but was served on the said Perry S. Reich, Esq., as her attorney.
The parties dispute the extent of the relief to be granted and dispute who should be appointed as the guardian for Josephine D. Staiano.
In this memorandum the court will address some of the procedural issues which have arisen relative to the filing and service of the said cross petition.
At the outset, it may be noted that a review of Mental Hygiene Law article 81 reveals no mention of a "cross-petition.”
Similarly, the predecessors to Mental Hygiene Law article 81, which were Mental Hygiene Law articles 77 (conservators) and 78 (committees) did not mention "cross-petitions.” Nevertheless, the legitimacy of a "cross-petition” as a pleading has been, at least implicitly, acknowledged. (See, e.g., Matter of Noel, 92 AD2d 1053 [concerning a conservatorship].)
Discussions of jurisdictional issues relative to the propriety of cross petitions do not appear to have found their way into any published decisions under former articles 77 or 78, or the current article 81 of the Mental Hygiene Law.
In a Surrogate’s Court matter, however (Matter of Zalaznick, 84 Misc 2d 715), a discussion is undertaken which addresses key issues regarding jurisdiction and cross petitions.
Arguments were raised in that case, inter alia, that the cross petition should be dismissed because there is no such pleading as a "cross-petition” in the Surrogate’s Court, and that the "cross-petition” should be dismissed on the ground that the court did not have personal jurisdiction because the "cross-petition” was served by ordinary mail.
The court concluded that no great significance should be attached to the label of the paper served by the "cross-petitioner”. The "cross-petition” raised issues as to which the court clearly had jurisdiction and thus it did not matter that the issues were raised in this manner.
As noted above, however, the propriety of cross petitions has been accepted in conservatorship cases. Since cross petitions were clearly allowable in Mental Hygiene Law article 77 proceedings, it seems a reasonable conclusion that the use of a cross petition in a guardianship proceeding is also a permissible procedure where the cross petition raises issues as to which the court clearly has jurisdiction. In view of the ac *497 knowledged propriety of the use of cross petitions in cases such as Matter of Noel (supra) the argument for allowing a "cross-petition” in the present case seems even stronger, therefore, than was the argument in Matter of Zalaznick (supra).
With regard to the question of service, the court, in Matter of Zalaznick (supra), concluded that service of the "cross-petition” by mail was sufficient upon parties who had been served and appeared with respect to the petition. The court noted that "[o]nce a party has appeared by counsel in a proceeding subsequent pleadings may be served upon its counsel by mail (CPLR 2103, subd [b])” (84 Misc 2d, at 720).
Only as to a party who had not appeared prior thereto was service of the "cross-petition” by mail deemed insufficient.
Similarly, in Carmody-Wait 2d, Service of Pleadings § 33:1 it is stated: "A pleading served subsequently to the service of a summons and complaint which asserts new or additional claims for relief is required to be served upon a party who has not appeared in the manner provided for the service of a summons. In any other case, a pleading is to be served in the manner provided for service of papers generally.”
Professor David D. Siegel, in his treatise New York Practice § 202 (2d ed), also indicates that once jurisdiction has been secured, service of all other papers is governed by CPLR 2103, which authorizes service by mail on a party’s attorney.
In the present case, certainly the petitioners have appeared, as has the alleged incapacitated person since counsel had been appointed and participated in the proceedings. Accordingly, the court rejects any assertion that the cross petition was not properly served.
An additional, fundamental issue, moreover, is whether the petitioners, Kathleen Staiano and Joel Ulino, could properly raise the alleged deficiency of service upon the alleged incapacitated person, Josephine D. Staiano, as an issue.
At this point it should be recalled that they have not asserted that they were improperly served.
The answer to the question of whether the petitioners, Kathleen Staiano and Joel Ulino, have standing to object to the manner of service of the cross petition on the alleged incapacitated person, Josephine D. Staiano, seems plainly to be that a party may object to personal jurisdiction, only on behalf of himself or herself, since the objection may be waived. (See, CPLR 3211 [e].) The language used in CPLR 3211 (e) suggests the personal nature of the defense: "An objection *498 based upon a ground specified in paragraphs eight[*] or nine of subdivision (a) is waived if party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading.” (Emphasis added.)
There is, moreover, some doubt as to whether the petitioners’, Kathleen Staiano and Joel Ulino, manner of raising the issue of proper service of the cross petition was procedurally proper. In this regard, the following from Siegel (NY Prac § 554, at 867-868 [2d ed]) is instructive:
"It is permissible to make a motion in a special proceeding, but if the motion is to be made before the return day of the proceeding itself it must be made returnable at the same time. A respondent who has a formal legal objection to the proceeding, for example, like want of jurisdiction, can move to dismiss based on it. But alternatively, all the respondent need do is incorporate the objection as a defense in the answer and supply proof of it in the supporting affidavits. The court will consider it just as thoroughly as had it been raised by motion. Since a motion, in other words, is just a device to speed a point to the court’s attention, the proceeding itself, replete with an oncoming return day, offers all the context needed to get the objection ruled on quickly * * *
"There is some authority under pre-CPLR law to the effect that a party can raise a legal objection by oral motion on the return day, but that is not a sound practice. The same authority confirms that the movant’s contention must in any event be supported in the papers already submitted to the court, and it takes little effort to add to them a single additional page called a 'notice of motion’, announcing that a formal motion application is being made” (footnotes omitted).
Accordingly, raising the question of the sufficiency of the service of the cross petition for the first time orally on the return date of the petition was probably improper. Nevertheless, the court has reached the merits of the issue, and, as noted above, has concluded that the cross petition was appropriately employed and properly served to afford the opportunity to consider the issues raised therein.
Finally, it should be noted that Mental Hygiene Law § 81.42 (a) provides: "(a) A motion to dismiss based on the alleged *499 failure to comply with any of the provisions of this article other than subparagraph (i) of paragraph one of subdivision (d) of section 81.07 of this article, must be determined without regard to technical mistakes, deficiencies, and omissions that do not result in actual prejudice that aifects the integrity of the proceeding.”
Mental Hygiene Law § 81.07 (d) (1) (i) is the provision which requires service of the petition on the alleged incapacitated person. Nevertheless, since jurisdiction of the alleged incapacitated person has been properly secured, it does not seem that section 81.42 (a) governs regarding the service of the cross petition in issue.

 "8. [T]he court has not jurisdiction of the person of the defendant.” (CPLR 3211 [a] [8].)